**TEXAS & N. O. R. CO. v. DINGFELDER & BALISH, Inc.**

**No. 10251.**

Court of Civil Appeals of Texas. San Antonio.

Feb. 23, 1938.

Rehearing Denied March 23, 1938.

John C. North and Leslie S. Lockett, both of Corpus Christi, for appellant.

Ward & Brown, of Corpus Christi, for appellee.

SMITH, Chief Justice.

This suit was brought by Dingfelder & Balish, Inc., against Texas & New Orleans Railroad Company and the Southern Pacific Steamship Lines for damages to a shipment of twenty-nine carloads of onions from Floresville and Poth, Tex., by rail via the first named defendant's line to Galveston, and by boat via the second named defendant's line, to New York City. The plaintiff below recovered of the railroad company, as the initial carrier, which has appealed.

The shipment was made on a through bill of lading issued by the railroad company at point of origin. The evidence was sufficient to show, and the jury found, under appropriate instructions: (1) That the onions were loaded into the cars in sound condition for shipment from point of origin to their destination without any more damage than that ordinarily sustained by like products during such transportation; (2) that when delivered to the consignee at destination the onions were in "damaged condition in excess of ordinary deterioration of onions for such distance" as said onions were shipped; (3) that the shipper was not negligent in the method of curing, handling, and delivering the onions to appellant at point of origin; (4) that the damaged condition of the onions at destination resulted from the negligence of the "defendants, or one of them."

The trial judge in his charge defined the measure of damages in the following language: "The measure of the damages in this case is the difference between the market value of the onions on May 27th, 1935, in New York, New York, in the condition in which they should have arrived at destination and the market value then and there in the condition in which, by reason of the negligence of the carrier, they did arrive."

Under that definition the judge submitted the issue of the amount of damages, as follows: "What amount of money, if any, do you find will compensate the plaintiff for the damage involved in this controversy, caused by reason of the negligence of the defendant, Texas & New Orleans Railroad Company, and its connecting carriers, or either of them? Answer in dollars and cents." To which the jury answered, "$7,500."

The controlling question presented in appellant's first and second propositions is that of whether it, as the initial carrier, may be held liable for the entire excess damage to the shipment, in the absence of a showing of specific acts of negligence upon its part.

The general rule in interstate shipments of freight over the lines of two or more connecting carriers, upon through bill of lading issued by the initial carrier, as in this case, is that proof of delivery of the freight in good shipping condition to the initial carrier, and delivery at destination in unusually damaged condition, raises a presumption of negligence upon the part of the carriers, and casts liability therefor upon the initial carrier, unless it discharges the burden of proving that the loss resulted from some cause for which it and its connecting carriers were not responsible. 49 U.S.C.A. § 20, par. (11); Galveston, H. & S. A. Ry. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516; Atlantic Coast Line Ry. Co. v. Riverside Mills, 219 U.S. 186, 31 S.Ct. 164, 55 L.Ed. 167, 31 L.R.A.,N.S., 7; Burd v. Ry., Tex.Com. App., 261 S.W. 1021. The record brings the case made here within that rule, and we overrule appellant's first, second, and fourteenth propositions, in which the question is presented.

Special issue No. 6 was submitted to the jury in this form: "Was the proximate cause of the condition of such onions when delivered to consignee in New York, New York, the result of the negligence of defendants, or one of them?"

Appellant complains that the issue so submitted was "unintelligible, confusing, meaningless, indefinite and misleading," was "on the weight of the evidence," assumed appellant was negligent, was "leading," and "argumentative." These objections were too general to point out to the trial judge any specific vice in the charge so as to enable him to cure that vice, and were therefore ineffectual as objections to a charge, within the contemplation of the law. Moreover, when the jury found that the onions were in sound condition for shipment, and free of inherent vices, when delivered to and accepted for transportation by appellant, and were in an unusually damaged condition when delivered at destination by its connecting carrier, the negligence of the carriers was presumed as a matter of law, and need not have been submitted as an issue of fact. If the form of the issue was defective, as appellant contends, no injury could have resulted to appellant by reason of that defect. We overrule appellant's third and fourth propositions.

In its fifth, sixth, seventh, ninth, twelfth, and thirteenth propositions, appellant raises the question of the sufficiency of the evidence to show that the onions were in sound condition when shipped and in a damaged condition when delivered at destination. We overrule these propositions, the evidence, in our opinion, being sufficient to sustain the findings of the jury, which are therefore binding upon this court. Appellant's eighth proposition is not supported by any appropriate statement from the record and will not be considered.

In its tenth and eleventh propositions appellant complains of the method of submission of the issue of the amount of damages, which has been already set out herein. When considered alone, the issue was at least awkwardly submitted, it is true, as is, also, appellant's main objection, which is, that the "issue as framed is an improper issue of damage in a case of this nature in that it is the duty of the jury to find the market value of the onions in the condition in which they should have arrived at destination and in the condition in which they did arrive at destination." We conclude that the form of the issue, considered in the light of the objection, does not present reversible error in view of the court's definition of the measure of damages, under which the jury arrived at its answer to said issue. Accordingly, we overrule the tenth and eleventh propositions.

In its fifteenth proposition appellant complains of the judgment in so far as interest was therein added to the amount of damages awarded by the jury on account of the negligent transportation of the onions by the carriers. In its trial petition appellee pleaded damages in a specific amount occasioned by the alleged negligence of the carriers in the transportation and delivery of the shipment, alleged demand upon them for payment, and their refusal to pay, and prayed for "judgment for its damage with interest," costs of suit, and general and special relief. The jury assessed appellee's damages at the sum of $7,500. This finding was in response to the court's definition of the measure of damages, to wit, the difference between the market value of the onions at the time and in the condition in which they should have arrived at destination and their "market value then and there in the condition in which, by reason of the negligence of the carrier, they did arrive." The jury's finding, then, was of actual damages to the shipment occasioned by the negligence of the carriers in transporting the shipment. The jury were not authorized to include interest as an element of damages found by them, and it must be assumed that they did not include interest in their award. In such situation, appellee having prayed for interest as actual damage, the court was authorized to add interest thereto from the date of the damage accrued, and render judgment accordingly. This was done. We overrule appellant's fifteenth proposition. Ewing v. Foley, 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Settegast v. Timmins, Tex.Civ.App., 6 S.W.2d 425; Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332; Gulf, C. & S. F. Ry. Co. v. Morrow, Tex.Civ.App., 66 S.W.2d 481; American Employers' Ins. Co. v. Huddleston, Tex.Civ.App., 39 S.W. 2d 952.

The judgment is affirmed.