**Candace Weatherby MOSSLER a/k/a Candace Mossler Garrison, Appellant,**

**v.**

**Percy FOREMAN, Appellee.**

**No. 720.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 28, 1973.

Rehearing Denied April 18, 1973.

628

Herbert N. Lackshin, Tita, Lackshin, Nathan & Schwartz, Houston, for appellant.

Levert J. Able, Houston, for appellee.

COULSON, Justice.

This is a limited appeal by Candace Weatherby Mossler (also known as Candace Mossler Garrison), individually, from a judgment in the sum of $250,000 in favor of appellee, Percy Foreman, an attorney at law, for services rendered by him for appellant, Candace Mossler, and her children during the period July 4, 1964 through March 6, 1966. The services were rendered by Foreman while defending Candace Mossler and Melvin Lane Powers against murder charges brought against them by the State of Florida after the death, in Dade County, Florida, on June 30, 1964, of Jacques Mossler, the then husband of Candace Mossler. At the conclusion of the murder trial on March 6, 1966, Candace Mossler and Melvin Lane Powers were acquitted. Thereafter, appellant and Powers sued Foreman for the return of certain property, both real and personal, which had been conveyed or delivered to Foreman as security for Foreman's fee, offering in their suit to pay Foreman the balance of the fee which they claimed was due from them for his services. Appellee Foreman answered and filed a cross-action based on a written contract in which he sought to recover jointly and severally from appellant and Powers the balance owing on an agreed fee for representing Powers. In addition thereto Foreman sought to recover from Candace Mossler, individually, for services rendered for her, based on several alternative allegations, including an alleged oral agreement by Candace Mossler employing Foreman to represent her and her children for which services Candace Mossler allegedly agreed to pay Foreman a reasonable fee. Trial in this suit, relating to attorney's fees, was to the court without a jury, and judgment was entered in favor of Foreman on his cross-action. In addition to the award of $250,000 mentioned above, Foreman was granted judgment against appellant and Powers, jointly and severally, for the sum of $140,700 as the balance owing on the written contract for the total sum of $250,000 for services rendered by Foreman as attorney for Powers. Only the $250,000 judgment against Candace Mossler, individually, is made the subject of attack by appellant. Findings of fact and conclusions of law were entered by the trial court in support of its judgment. In reviewing the proceeding in the trial court, we do not have before us a statement of facts.

In her first point of error appellant contends that the trial court erred in denying her motion to strike Foreman's request for trial setting. According to appellant, appellee failed to comply with the local rule requiring that a copy of the request for trial setting be served upon all counsel of record. The alleged result of this failure was that appellant's counsel did not have adequate time to prepare for trial. Although we know from the trial court's findings of fact that a hearing on this motion was held, no statement of facts or bill of exception is before us which might demonstrate what evidence was heard and whether the trial court abused its discretion by denying the motion. The point of error is therefore overruled.

Appellant's second point of error complains of the trial court's denial of leave to file an amended petition and original answer to appellee's cross-action on the day of trial. Among its findings of fact, the trial court included a finding that these pleadings constituted a surprise to Foreman. There is nothing properly before this Court to demonstrate the contrary. Thus Rule 63 of the Texas Rules of Civil Procedure did not require that leave to file these pleadings be granted. No abuse of discretion is shown and the point of error is overruled.

In her third point of error, appellant contends that the trial court erred by upholding a contingent fee arrangement in a criminal case contrary to the Code of Professional Responsibility of the Bar of the State of Texas. Any arrangement between the parties for a contingent fee to be paid to Foreman was disallowed by the trial court. The findings of fact, conclusions of law and judgment of the trial court reflect that on or about July 4, 1964 Candace Mossler orally employed Foreman as attorney at law to represent her, individually, and to be in charge of the overall defense of Candace Mossler and her children growing out of the homicide of Jacques Mossler; that as compensation for such legal services to be rendered by appellee Foreman, appellant Candace Mossler agreed to pay Foreman a reasonable fee (in addition to the fee to be paid for representing Powers); that Percy Foreman discharged such employment and had fully performed the legal services required of him on March 6, 1966; and that the reasonable value of the services rendered by Foreman for Candace Mossler and her children pursuant to such oral employment was $250,000, for which sum the trial court entered judgment for Foreman against Candace Mossler, individually. The third point of error is overruled.

Appellant's fourth and fifth points of error present the question of whether the trial court made conflicting findings of fact so as to leave the judgment unsupported. Also under these same points, appellant argues that some of the trial court's findings do not conform to appellee's pleadings. The allegedly conflicting findings concern the nature of the agreement between the parties relating to appellee's fee. We fail to see that the findings are in conflict. Even if there is a conflict as alleged, it is not a material conflict which would be fatal to the judgment. To parapharse the holding in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949), it is essential that the party seeking to set aside the trial court's findings of fact on the ground of conflict must be able to point out that one of the conflicting findings, in connection with the rest of the findings except the finding with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered. In the instant case, appellant has failed to meet this test. Regardless of the alleged conflicts, the judgment in favor of appellee is supported on the basis of an oral agreement of employment requiring payment of a reasonable fee. Any nonconformity between the findings of fact and appellee's alternative pleadings in regard to the contract is harmless for the same reason.

In her sixth point of error appellant contends that the trial court erred in refusing to grant a mistrial following an allegedly prejudicial statement by one of appellee's witnesses. No motion for mistrial appears in the transcript filed with this Court nor is there a statement of facts before us which would indicate that such motion was ever made. The point is therefore overruled.

Appellant's seventh point of error attacks a finding of fact that appellant and Powers absented themselves from the court on the last day of trial without first obtaining leave to do so. Appellant has failed to show in what way this error, if any, was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.Civ.P. 434. The point of error is overruled.

As her eighth point of error, appellant contends that this Court of Appeals erroneously denied appellant's motion and supplemental motion to extend time to file a statement of facts. The record before us reveals that the trial of this case before the court without a jury began on May 10, 1972 and ended on May 16, 1972 with the court announcing judgment in favor of appellee Foreman. On May 26, 1972 appellant filed her motion for new trial. The trial court entered judgment on June 12,

1972. On June 21, 1972 the appellant Candace Mossler filed her notice of appeal. On July 12, 1972 appellant filed a $1,000 cash deposit in the office of the district clerk to cover "the cost of the statement of facts and transcript in accordance with rule 354". On July 17, 1972 the motion of Candace Mossler for a new trial was overruled. The transcript was filed in this Court on August 31, 1972 at which time the clerk of the 14th Court of Civil Appeals by letter notified each of the attorneys in the case that the "record consists of the transcript only." On September 12, 1972 the appellant filed her "Motion For Extension of Time To File Statement of Facts" based primarily on the allegation that on or about July 13, 1972 appellant requested that a statement of facts be prepared and as proof thereof attached as exhibit "B" an unsigned copy of a letter bearing date of July 13, 1972 addressed to the district clerk requesting therein "would you proceed to have a statement of facts prepared". The affidavit of appellant's attorney states in part: "Due to the fact that for some unknown reason, the 151st Judicial District Court Reporter did not receive Appellant's request, the Statement of Facts is not now completed and able to be filed . . .". Appellee Foreman on September 15, 1972 filed his "Opposition To Motion For Extension Of Time To File Statement Of Facts". Attached thereto was an affidavit, dated September 13, 1972, of Edith Thomas, the official court reporter of the 151st Judicial District Court, wherein she stated that on September 11, 1972 the attorney for the appellant contacted her and inquired if the statement of facts had been completed, to which inquiry she replied that she had not been requested by anyone to prepare the statement of facts. By affidavit dated September 15, 1972, the District Clerk of Harris County, Texas stated, in substance, that he had examined the copy of the letter, dated July 13, 1972, attached to appellant's motion for extension of time and an examination and search of the entire file in Cause No. 729,054, Mossler v. Foreman, failed to locate the original of the said letter in such file where it would have been placed in compliance with customary practice and procedure after being filed marked. Thereafter the attorney for appellant Candace Mossler and the attorney for appellee Foreman, in an effort to discharge every professional responsibility for their respective clients, favored this Court, far beyond the requirements of their obligations, by filing on September 19, 1972 "Appellee's Brief In Support Of Opposition To Motion To Extend Time For Filing Statement Of Facts", on September 25, 1972 "Appellant's Supplemental Motion To Extend Time For Filing Statement Of Facts" to which an additional affidavit is attached, on September 26, 1972 "Appellee's Reply To Appellant's Supplemental Motion To Extend Time For The Filing Of Statement Of Facts" and on September 26, 1972 "Appellant's Brief In Support Of Motion To Extend Time For Filing Statement Of Facts". After considering each and all of the excellently prepared and presented motions, pleadings, affidavits and briefs hereinabove enumerated, this Court on September 27, 1972 overruled the "Motion For Extension Of Time To File Statement Of Facts" filed on September 12, 1972 and "Appellant's Supplemental Motion To Extend Time For Filing Statement Of Facts" filed on September 25, 1972. In keeping with his commendable dedication to serve the rights of his client, as he saw such rights, the attorney for the appellant, on October 12, 1972, filed in her behalf an additional extensive pleading designated "Motion For Rehearing Of Appellant's Motion And Supplemental Motion To Extend Time To File Statement Of Facts", stating therein additional legal authority and attaching thereto additional affidavits. The appellee Foreman on October 20, 1972 filed "Appellee's Answer To Motion For Rehearing On Appellant's Motion And Supplemental Motion To Extend Time To File Statement Of Facts" and attached thereto additional exhibits. This Court on October 25, 1972 denied appellant's motion for rehearing.

Texas Rules of Civil Procedure 386 provides in part:

"In appeal . . . the appellant shall file the . . . statement of facts with the clerk of the Court of Civil Appeals within sixty days from . . . order overruling motion for new trial . . .; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said . . . statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

Rule 377 provides in part:

(a) "Testimony. The testimony of the witnesses need not be in narrative form but may be in question and answer form. A party may prepare and file with the clerk a condensed statement in narrative form of all or part of the testimony and deliver a true copy thereof to the opposing party or his counsel. . . .

(b) "Abbreviation of Statement. All matters not essential to the decision of the questions presented on appeal shall be omitted. . . .

(c) "Promptly after notice of appeal is given and where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case . . . the appellant shall deliver or mail to the appellee or his counsel and file with the clerk of the court a designation in writing of the portions of the evidence desired, and shall specify the portions desired in narrative form, if any, and the portions desired in question and answer form, if any, and the portions that are desired to be omitted. . . ."

The appellant has failed to show compliance with Rule 377 and Rule 386 which rules leave the Court of Civil Appeals little discretion in determining whether or not to permit the late filing of a statement of facts. Tex.R.Civ.P. 437; Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952). We take no pleasure in denying the appellant leave to file a statement of facts after the expiration of the 60 day period but in the circumstances of this case the Court has no alternative to the denial of the extension of time. Robinson v. Robinson, 487 S.W.2d 713 (Tex.Sup.1972); Watson v. Sellers, 477 S.W.2d 678 (Tex.Civ.App., Houston (14th Dist.) 1972, no writ). Appellant's eighth point of error is overruled.

■ In her ninth point of error appellant contends that the trial court made additional findings of fact and conclusions of law which are in irreconcilable conflict with its original findings and conclusions, thus leaving the judgment without support. Appellant's requested additional findings were ruled on by the trial court in an order entitled "Order Denying Motion for Additional Findings". In this order the trial court characterized the requested findings as immaterial, irrelevant and evidentiary. However, the trial court went on to say that, if necessary, all the requested findings were found in support of the judgment and against Candace Mossler's contentions. It is doubtful that such a statement can be considered anything other than a refusal to make requested findings. However, if additional findings were made, appellant does not point out specifically which findings are in conflict. The point of error is overruled.

■ Appellant's tenth, eleventh and twelfth points of error attack the trial court's finding that the reasonable value of appellee's services rendered to appellant was $250,000. This attack is based on a lack of support in the evidence, an alleged conflict of interest in Foreman's representation of both appellant and Powers, and the assertion that the $250,000 figure is excessive and contrary to legal ethics. As previously noted, we have no statement of facts before us and therefore there is nothing to demonstrate whether or not the trial court's finding of fact is supported by the

evidence or whether the $250,000 figure is excessive. We cannot say as a matter of law that a $250,000 fee is excessive or unethical. In regard to the alleged conflict of interest, a contention without support in appellant's pleadings and apparently raised for the first time on this appeal, we can only say that the existence of a conflict of interest, of such gravity as to cause Foreman's activities to be against public policy, is a question of fact on which appellant has secured no finding and thus the point is now waived. Appellant's tenth, eleventh and twelfth points of error are overruled.

The appellee Percy Foreman in a brief filed October 17, 1972, as a cross-point, asserted that the trial court erroneously failed to allow cross-plaintiff Percy Foreman interest from March 6, 1966 to the date of the judgment on June 12, 1972. Upon oral submission of this case, the attorney for appellee Foreman informed the Court that in the absence of a statement of facts appellee Foreman could not urge his claim for interest prior to judgment. This Court therefore expresses no opinion on said cross-point.

The judgment of the trial court is affirmed.