W. J. DACUS, Appellant,

v.

Edwin G. GRIMES, Appellee.

No. 1330.

Court of Appeals of Texas,
Tyler.

Oct. 22, 1981.

Earl Sharp, Sharp, Ward, Ross, McDaniel & Starr, Longview, for appellant.

John Mack Smith, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a suit upon a promissory note executed by W. J. Dacus (Dacus), the defendant below, and delivered to Edwin G. Grimes (Grimes), the plaintiff. After maturity, demand and non-payment, Grimes filed suit to recover on the note. Dacus answered and counterclaimed alleging negligence, breach of contract and violations of the Texas Deceptive Trade Practices Consumer Protection Act (DTPA), Tex.Bus. & Com.Code Ann. sec. 17.41, *et seq.* After trial to a jury, the trial court directed a verdict for Grimes on the promissory note. Special issues were then submitted to the jury on Dacus' counterclaims. All of the jury's answers were in favor of Grimes. The trial court entered judgment that Grimes recover the principal, interest and attorney's fees due upon the note and that Dacus take nothing. From this judgment, Dacus appeals.

We affirm the judgment of the trial court.

The record of the case reveals that the two parties became acquainted when Dacus responded to an advertisement Grimes had placed in the Wall Street Journal. The purpose of the ad was to interest someone in participating in the diesel engine business Grimes was starting in the Dallas-Fort Worth area. After some discussion and negotiations, Dacus proposed that Grimes contribute his equipment in exchange for 24% of the stock in Diesel Exchange, Inc., a new corporation Dacus was forming in Longview, Texas. Grimes declined the offer, and, thereafter, Dacus agreed to purchase the equipment outright. For his equipment Grimes was paid $20,000 down and took Dacus' one year $90,000 promissory note for the balance. In addition, Grimes agreed to work for the new company for one year.

Before the year was out, Grimes was fired from his job by the company's manager, Bob Yates. Several months later, Yates left the company and Dacus rehired Grimes. Due to bad health, Grimes stayed with Diesel Exchange, Inc., only five months during this second period of work before he finally terminated such employment.

Dacus predicates his appeal on nineteen points of error. In his first two points, Dacus claims the trial court erred in excluding evidence of an agreement between the two parties that the note would become the obligation of Diesel Exchange, Inc. once that company was incorporated. We believe the trial court properly excluded this evidence because it violated the parol evidence rule.

The rule in Texas is quite plain that a negotiable instrument which is clear and express in its terms cannot be varied by parol agreements or representations of a payee that a maker will not be liable thereon. *Town North Nat. Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978). If this were not the case, a promissory note would be reduced to a "meaningless scrap of paper." *Howeth v. Davenport*, 311 S.W.2d 480, 482 (Tex.Civ.App.—San Antonio 1958, writ ref'd n.r.e.). We overrule appellant's points one and two.

In his third point, Dacus complains of the trial court's failure to find that a novation agreement existed between the parties. We need not pursue this point since Dacus failed to plead this affirmative defense as is required by Rule 94, Tex.R. Civ.P. *Crawford Chevrolet, Inc. v. McLarty*, 519 S.W.2d 656, 663 (Tex.Civ.App.— Amarillo 1975, no writ), *Money v. Dameron*, 70 S.W.2d 291, 293 (Tex.Civ.App.—Amarillo 1934, writ ref'd).

Dacus next complains about the trial court's exclusion of profit and loss statements of Diesel Exchange, Inc., which were offered in an apparent attempt to prove

damages under the appellant's three theories of recovery. We overrule this point. Even if the trial court erred in excluding this evidence, which we do not hold, we would not reverse and remand this case for a new trial since the jury found that Grimes did not breach a contract, was not negligent, and did not violate the DTPA. Since we think the evidence presented at trial was legally and factually sufficient to support these findings, there would be no need for additional evidence on the damage issues.

Appellant's fifth point also complains about the exclusion of certain other evidence during the trial. This point is unsupported by argument or authority in appellant's brief, and we decline to consider it. *North Harris, etc. v. Fleetwood Const. Co.*, 604 S.W.2d 247, 255 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

In his sixth point, Dacus urges us to rule that the jury's answer to Special Issue No. 4 was contrary to the great weight and preponderance of the evidence. After finding that Dacus was induced to execute the note by Grimes' representation "that the equipment was suitable for which it was intended" (Special Issue No. 3), Special Issue No. 4 asked if such representation was false and untrue. The jury answered that "it was not." The representation to which this issue refers apparently is the one Grimes made concerning the establishment of the new business in Longview. In other words, Grimes represented to Dacus that with his (Grimes') equipment, Dacus could operate a deisel engine repair business. The jury heard several witnesses testify about the establishment of Diesel Exchange, Inc., and the kind of work it did. The jury heard that the company was still in operation and that it was still doing business for customers. There was also testimony concerning the problems the company had during its first 18 months of operation and the various explanations for these problems.

In reviewing this factual insufficiency point, we must consider all the evidence in the record that is relevant to the fact being considered. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). After doing so, we conclude that the evidence is sufficient and that the jury's answer to said special issue is not so contrary to the great weight and preponderance of the evidence as to be manifestly wrong or unjust. Appellant's sixth point is overruled.

Appellant's points 7 through 19 are worded thusly:

"The court erred in submitting to the jury special issue Nos. [9, 12, 16, 20A, 20B, 20C, 23A, 24A, 25A, 30A, 31A, 31B, 31C] when such answer was unjust and against the overwhelming weight and preponderance of the evidence submitted."

Even though we consider these points to be multifarious, we will apply the liberal rule with reference to the construction of points laid down in *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943) and reaffirmed by the Supreme Court in *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112, 114 (Tex.1976). If appellant's complaint goes to the trial court's action in submitting these special issues, we see no basis for such complaint. The enumerated special issues were requested by appellant. If appellant is contending that the answers to such issues are against the great weight and preponderance of the evidence, then we must weigh and consider all the evidence under the rule announced in *In re King's Estate*, supra 244 S.W.2d at 661. After carefully examining the entire record and having weighed and balanced all the evidence, both that in favor of and against the jury's findings, we find that none of the jury's answers to said special issues is so against the great weight and preponderance of the evidence as to be manifestly unjust. Appellant's points 7 through 19 are overruled.

Having disposed of all issues in favor of appellee, we affirm the trial court's judgment below.