Guy CRAVENS, et ux., Appellants,

v.

Curtis SKINNER, et ux., dba Curtis Jewelers & Distributors, Appellees.

No. 18520.

Court of Appeals of Texas, Fort Worth.

Dec. 17, 1981.

Simmons & Simmons and Patrick H. Simmons, Mexia, for appellants.

Joseph W. Martin, Arlington, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is an appeal from judgment that the plaintiffs take nothing in their suit for treble damages and attorneys fees under the Deceptive Trade Practices Act Tex.Bus. & Comm.Code Ann. sec. 17.46 and sec. 17.50 (1977); or, in the alternative, actual damages for common law fraud.

We affirm.

Appellees have filed no brief, so we may accept as true the facts stated in appellant's brief. Tex.R.Civ.P. 419.

On September 16, 1977, appellants paid appellees $3,150.00 for a ruby and a separate gold ring mounting. In response to appellants' inquiry as to what would be the appraisal value with the stone mounted in the ring, appellees' salesman replied "around $4,000.00 to $4,300.00."

Appellants took delivery of the mounted ring in October, 1977, receiving a written guarantee stating that "[t]he ruby in said ring, . . . is finely cut and carefully selected for excellent proportions and exquisite brilliance as per the rigid standard of measure of the Gemological Institute of America."

The document further guaranteed the workmanship of the gold ring and that the jeweler would accept the ring, at full purchase price, on a larger, more valuable one. The price was stated as $4,100.00.

Appellants later found that the ruby was flawed. They asked appellees to replace the ruby ring, and the appellees agreed.

Before accepting the replacement ring on January 10, 1978, appellants asked to be furnished an appraisal of its value. Appellees promised to deliver an appraisal "within a week or so." It was never received.

Later in 1978 appellant filed suit.

As then written, DTPA sec. 17.50(a) (1977) stated that "A consumer may maintain an action if he has been adversely affected by an act or practice declared to be unlawful by Section 17.46."

Section 17.50(b), as then written, allowed a prevailing consumer to have his actual damages trebled and recover court costs and reasonable attorneys fees.

■ Section 17.46 is a "laundry list" of deceptive trade practices, but is not all-inclusive.

Appellants alleged that the appellees had committed acts deceptive under sec. 17.46, had breached express and implied warranties, and that those actions were unconscionable.

Alternatively, appellants asked damages for common law fraud, alleging that they had relied to their detriment on material misrepresentations by the appellees.

The jury found that (a) the appellees had represented the replacement ring to have a fair retail cash market value of $4,100.00 in January, 1978; (b) such value was in fact $3,000.00; (c) the appellees had represented that an appraisal would be delivered to the appellants; (d) they believed that representation; (e) such representation was material; (f) the appraisal was not delivered; (g) when they made the representation, the appellees *did intend* to deliver the appraisal; (h) appellants attorneys were entitled to fees; and (i) the appellees *did not* take advantage of appellants' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

The court rendered judgment that the appellees had not engaged in a deceptive trade practice, that the appellants had not suffered any damages, and that they recover nothing from the appellees.

Following the jury's verdict, appellants filed a motion for judgment, which was not granted. Appellees' motion was granted.

Appellants filed no motion for judgment non obstante verdicto or to set aside or disregard the jury's answers to any of the special issues.

■ Appellants complain that the trial court erred in not granting judgment for them on the jury's verdict.

To sustain such contention, appellants' burden is to demonstrate that, under any possible legal theory, the jury's verdict, viewed as a whole, compels judgment for the appellants rather than the judgment rendered by the trial court. *Bituminous Casualty Corp. v. Black & Decker Mfg. Co.*, 518 S.W.2d 868 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.).

Appellants first two points of error contend that the jury's verdict and the uncontroverted evidence show that the appellees' conduct violated paragraphs (2), (5) and (12) of DTPA sec. 17.46(b).

Those sections list the following deceptive acts:

"(2) causing confusion or misunderstanding as to the source, sponsorship,

approval, or certification of goods or services;

" . . .

"(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

" . . .

"(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; . . ."

▮ A jury may only be asked to find whether one of the listed acts occurred and may not be asked to decide whether the act was deceptive. If found to have occurred, the act is deceptive as a matter of law. *Spradling v. Williams*, 566 S.W.2d 561 (Tex. 1978).

▮ If an alleged act is not listed in sec. 17.46(b), then the jury must determine (1) whether the act occurred and (2) whether it was deceptive. *Spradling, supra.*

In the instant case, no special issue found by the jury determined that the appellees committed any act listed in sec. 17.46(b).

Relative to the acts which the jury found were committed by the appellees, there were no special issues inquiring as to whether those acts were deceptive though such findings in favor of appellants would be essential to recovery on a deceptive trade practice theory.

▮ The record contains no request by appellants for special issues or instruction that were refused. Therefore we deem as waived by appellant all grounds of recovery not conclusively established under the evidence and upon which no issue was given or requested. Tex.R.Civ.P. 279.

There was no special issue as to whether the appellees' actions adversely affected the appellants within the meaning of DTPA sec. 17.50.

▮ Appellants reason that the appellees' failure to deliver the promised appraisal was an actionable breach of express or implied warranty under DTPA sec. 17.50.

We cannot agree. On the facts of the case, the failure to deliver the appraisal appears, at most, to be a breach of contract to which no finding by the jury attributed any damages.

▮ We reject appellants' argument that Tex.Bus. & Comm.Code Ann. sec. 2.313 (1968), *defines* "express warranty" in a manner that would condemn appellees' failure to deliver the appraisal.

Section 2.313 identifies the means by which an express warranty may be *created*, but does not define such a warranty.

Definition has been given by the courts. " 'An express warranty is entirely a matter of contract, wherein the seller may define or limit his obligation respecting the subject of the sale, and provide as to the manner of fulfilling the warranty or the measure of damages for its breach. . . .' [A]n implied warranty is a representation or promise on the part of a seller as to the quality or suitability of the property sold. . . .' "

*Donelson v. Fairmont Foods Co.*, 252 S.W.2d 796 (Tex.Civ.App.—Waco 1952, no writ), at 799.

An appraisal of value does not fit within these definitions.

▮ We conclude that the appellants have not shown themselves entitled to damages under the DTPA in light of the pleadings, evidence and findings of the jury.

Appellants also assert that the trial court erred in not awarding them the attorneys fees found by the jury.

▮ In the absence of judgment for actual damages under the DTPA, an award of attorneys fees cannot stand. *Freedom Homes of Texas, Inc., v. Dickinson*, 598 S.W.2d 714 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.); *Harrison v. Dallas Court Reporting College*, 589 S.W.2d 813 (Tex.Civ.App.—Dallas 1979, no writ); *Reiger v. DeWylf*, 566 S.W.2d 47 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.).

Although appellants present no point of error asserting a right to recover on their theory of common law fraud, we will consider the question as being within the scope of appellants' pleadings and their complaint that the trial court's judgment is inconsistent with the jury's verdict.

Appellants pleading attack the appellees' representations as to (a) the values of both the first ring and the replacement ring and (b) the delivery of an appraisal.

■ The Supreme Court has stated that to establish actionable fraud, the jury must find that:

(1) a material representation was made;

(2) it was false;

(3) when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion;

(4) he made it with the intention that it should be acted upon by the party;

(5) the party acted in reliance on it;

(6) he thereby suffered injury.

Further, failure to prove single element will prevent recovery. *Custom Leasing, Inc. v. Texas Bank & T. Co. of Dallas,* 516 S.W.2d 138 (Tex.1974).

The jury found that the appellees failed to deliver the appraisal they had promised.

■ However, failing to discharge the promise to do an act in the future is not fraud, unless the promise is made with *intent* not to perform and *to induce* the promisee to act on it. *Southwestern Bell, Etc. v. Meador Const. Co.,* 574 S.W.2d 839 (Tex.Civ. App.—El Paso 1978, writ ref'd n. r. e.). No such issues were submitted to the jury.

■ The jury's failure to find that appellees' representation was made for the purpose of *inducing* the appellants to act is fatal to their theory of common law fraud. *Oilwell Division, United States Steel Corp. v. Fryer,* 493 S.W.2d 487 (Tex.1973).

■ In addition, there is no showing that a confidential relationship existed between appellants and the appellees.

Absent such a relationship, a representation of market value of a commodity is merely an opinion that cannot be made the basis of recovery for fraud and deceit. *Fossier v. Morgan,* 474 S.W.2d 801 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ).

■ We have reviewed all of the evidence and conclude that none of the jury's findings are so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. Accordingly, we have no authority to set aside the jury's findings. *Riley v. Crossley,* 383 S.W.2d 427 (Tex.Civ. App.—Houston 1964, no writ).

From a reading of the entire verdict of the jury, we conclude that the trial court could not properly render judgment for the appellants.

■ Appellants also assert that it was error to assess court costs against them.

When judgment is rendered in a defendant's favor, the court may properly assess costs against the plaintiff. Tex.R.Civ.P. 131; *Lovato v. Ranger Ins. Co.,* 597 S.W.2d 34 (Tex.Civ.App.—Amarillo 1980, writ ref'd n. r. e.).

Each of appellants' points of error is overruled.

Judgment of the trial court is affirmed.