**GULF OIL CORPORATION, Empire Security Services and Empire Security Agency, Inc., Appellants,**

v.

**Thomas WILLIAMS, Appellee.**

No. 9023.

Court of Appeals of Texas, Texarkana.

Sept. 28, 1982.

R. Gary Stephens and Jed Robinson, Robinson & Stephens, Houston, for appellants.

Robert M. Schick, Vinson & Elkins, Houston, for Gulf Oil.

Jesse T. Murphy, Jr., Bellaire, for Empire.

CORNELIUS, Chief Justice.

Gulf Oil Corporation and Empire Security Agency, appeal from a jury verdict awarding Thomas Williams $94,719.77 actual damages and $50,000.00 punitive damages for personal injuries.

Thomas Williams purchased gasoline at a Gulf Station in Houston. Robert Gory, a security guard employed by Empire Security Agency and furnished to Gulf through a contract between Gulf and Manpower, Inc.,

believed that Williams had robbed or was attempting to rob the cashier. He followed Williams to his car and shot him in the head and hand. The jury found that Gory was the borrowed employee of Gulf, on loan from Empire Security Agency, Inc. They also found that Empire ratified Gory's conduct. Judgment was rendered against Empire, Gulf and Gory for the actual damages, and against Empire and Gory for the punitive damages. We will modify the judgment to eliminate the award of punitive damages and will affirm the judgment as modified.

Empire presents thirty points of error. The first complains that the trial court erred in denying Empire's motion for new trial based on jury misconduct. To preserve a claim of error based on the overruling of a motion, the motion and the court's action on the motion must appear in the record. *Mossler v. Foreman,* 493 S.W.2d 627 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.); *Rowney v. Rauch,* 258 S.W.2d 371 (Tex.Civ.App.—Fort Worth 1953, writ ref'd); Tex.R.Civ.P. 376. Neither the motion for new trial nor the court's ruling on it is shown in the transcript or statement of facts, so we are unable to consider this point.

Empire's second point complains that the trial court erred in awarding punitive damages against it. An issue was submitted to the jury inquiring if punitive damages should be awarded. The jury answered no. The issue did not specifically inquire if there was malice on Gory's part, but punitive damages could not be lawfully assessed absent a finding of malice, and the jury was so instructed in connection with the issue submitted. It was improper for the trial court to find malice and award punitive damages when the jury refused to find such an award to be appropriate. *See Denning v. Republic National Bank Building Company,* 294 S.W.2d 888 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.). The judgment will be modified to eliminate the award of punitive damages.

Empire's third point contends the trial court erred in awarding damages against it because the security guard had been found to be the borrowed employee of Gulf. It is argued that if Gory was the employee of Gulf he could not have been acting also as the employee of Empire. We disagree. There was evidence that Empire and Gulf had joint control over Gory, and that Empire ratified his conduct on the occasion in question. This evidence is sufficient to sustain the joint liability of Empire and Gulf for actual damages. *Hilgenberg v. Elam,* 145 Tex. 437, 198 S.W.2d 94 (1946); *Heitkamp v. Krueger,* 265 S.W.2d 655 (Tex. Civ.App.—Austin 1954, writ ref'd n.r.e.); Restatement (Second) of Agency § 226 (1958). The complaints in Points 3 and 9 concerning punitive damages are rendered moot because of our disallowance of those damages pursuant to Point of Error 2.

Empire's fifteenth and sixteenth points urge there was no evidence that Gory was incompetent or that Empire was negligent in hiring an incompetent and entrusting him with a weapon. Testimony was given by two eyewitnesses that Gory walked up to Williams' car, stuck a gun through the car window, and shot him. We find this sufficient for the jury to infer that Gory was incompetent and unfit as a security guard. However, on the question of Empire's negligence in hiring Gory, evidence was presented that a notation appeared on Gory's application to the effect that "Capt. Benham called New York, okay." Testimony also showed that Empire checked with Gory's Houston employer. There is no evidence that Empire knew or should have known that Gory was incompetent. Thus, there can be no liability on the issue of negligent hiring. This does not require reversal, however, because other evidence and findings justify the award of actual damages.

In its sixth point Empire claims the trial court erred in refusing to grant a mistrial for violations of its motion in limine. The transcript must include the order of the court on any motion about which the appellant complains. *McKnight v.*

*Renfro,* 371 S.W.2d 740 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.); Tex.R.Civ.P. 376. The burden is on the appellant to present a sufficient record on appeal. *Estate of Arrington v. Fields,* 578 S.W.2d 173 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.); Tex.R. Civ.P. 413. The transcript contains no motion in limine filed on behalf of Empire and no ruling on such a motion. Furthermore, objections to the alleged violations were sustained and instructions given to the jury which were sufficient to cure any error.

■ Empire's seventh point claims Special Issue 1 should not have been submitted to the jury because it "confused and misled the jury by its voluminous and ambiguous instructions." This is not sufficiently definite to preserve error on appeal. Tex.R. Civ.P. 418; *Texas & N.O.R. Co. v. Dingfelder & Balish,* 114 S.W.2d 666 (Tex.Civ.App.—San Antonio 1938), *aff'd,* 134 Tex. 156, 133 S.W.2d 967 (1939). Objection at trial was that the issue was not supported by the evidence, and was not a correct statement of the law. We find the issue was supported by evidence and was properly submitted.

■ Empire also argues that the trial court erred in failing to submit certain special issues which it requested. No written requests are in the record. Special issue requests must be tendered in writing to the judge, have his signature on them for refusal or submission, and must appear in the record. *Cravens v. Skinner,* 626 S.W.2d 173 (Tex.Civ.App.—Fort Worth 1981, no writ); *Freedom Homes of Texas, Inc. v. Dickinson,* 598 S.W.2d 714 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *M.L.C. Loan Corporation v. P.K. Foods, Inc.,* 541 S.W.2d 902 (Tex.Civ.App.—Beaumont 1976, no writ); Tex.R.Civ.P. 273 and 279. Since no requests appear in the record these points cannot be reviewed.

■ Points of Error 17 through 30 are no evidence or insufficient evidence points, but Empire did not brief these points and

they are therefore waived. *Dacus v. Grimes,* 624 S.W.2d 298 (Tex.Civ.App.—Tyler 1981, no writ); *North Harris County Junior College District v. Fleetwood Construction Co.,* 604 S.W.2d 247 (Tex.Civ.App. —Houston [14th Dist.] 1980, writ ref'd n.r. e.); *Frymire Engineering Company, Inc. v. Grantham,* 517 S.W.2d 820 (Tex.Civ.App.—Fort Worth 1974), *rev'd on other grounds,* 524 S.W.2d 680 (Tex.1975); Tex.R.Civ.P. 418(e).

■ Gulf also complains of the judgment, contending that the evidence is legally and factually insufficient to support the finding that Gory was Gulf's borrowed servant.[1] There was testimony at trial that: Empire hired the security guards for work at Gulf Stations and assigned them their duties; Gory was never employed by Gulf while working for Empire; Empire was responsible for the direct supervision of the guards; Empire had a contract with Manpower, Inc. to supply security guards at Gulf Stations; the guards took no direction from Gulf; Empire directed the guards in the amount of force to be used; and all complaints about the guards were sent to Manpower, Inc. However, there was other evidence tending to show that Gory was the borrowed employee of Gulf on the occasion in question. There was testimony that Gulf had the power to hire and fire the guards; it set the standards for the guards; it evaluated their work; it required that the guards be armed; it scheduled which guards would work at what stations and at what times; the guards took direction from Gulf marketers at each station; and Gulf directly supervised and controlled the guards. Thus, the evidence was conflicting and it was not conclusively established that Gory was not Gulf's borrowed employee. There was evidence supporting both sides of the issue and we find it sufficient to support the jury's finding of fact.

The judgment of the trial court is modified to exclude the award of punitive damages against Empire. In all other respects, it is affirmed.

---

1. These points are actually labeled "matter of law", "no evidence" and "against the great weight and preponderance of the evidence" points, but they present the two issues of legal insufficiency and factual insufficiency.

BLEIL, Justice, dissenting.

While I agree that the judgment against Empire Security Agency, Inc. should be affirmed to the extent that it awards actual damages, I would reverse the judgment against Gulf Oil Corporation and render judgment that Thomas Williams take nothing against Gulf.

Gulf's evidentiary points are well taken. The court errs in affirming judgment against Gulf because the evidence is legally and factually insufficient to support a finding that Gory was the borrowed employee of Gulf at the time of the shooting.

Gulf had a written contract with Manpower, Inc. by which Manpower furnished guards for security at Gulf stations. Pursuant to this agreement, Gulf paid Manpower. Under a separate contract, Empire Security Agency agreed with Manpower to furnish security guards. Empire hired and fired these guards and furnished them to Gulf stations pursuant to its contract with Manpower.

In determining the threshold question of whether sufficient evidence supported the jury's finding that Gory was the borrowed employee of Gulf, Section 220(2), Restatement (Second) of Agency (1958), gives solid assistance. It provides,

"(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business."

Regardless of any disputed testimony certain matters are conclusively established: (a) that Gulf had no agreement with Gory or Empire; (b) that Gory was engaged in the distinct occupation of being a security guard; (c) that Empire, not Gulf, furnished Gory his uniform and firearm; (d) that Empire, not Gulf, paid Gory for the work done; (e) that Empire, not Gulf, provided training and instruction for the security guards; and (f) that Empire, not Gulf, regularly engages in the business of security services. Application of Section 220(2) compels a conclusion that the evidence does not support a finding that Gory was the borrowed employee of Gulf.

The case of *Producers Chemical Company v. McKay,* 366 S.W.2d 220 (Tex.1963), sets out the general rule for determining when the employee of one employer becomes the borrowed employee of another. Under its guidelines, if Gory had been placed under the control of Gulf in the manner of the performance of his duties, he might become the special or borrowed employee of Gulf. The evidence showing this control is not found in the record. Gulf did not hire Empire or Gory. Gulf did not contract with Empire or Gory. Empire's president stated that no person with Gulf instructed Empire concerning the security duties at the Gulf station.

When a contract exists between a general employer and a special employer, that contract controls the question of employment at the time in issue. *Producers Chemical Company v. McKay,* supra. No contract existed between Empire and Gulf. Therefore, the question is whether Gulf had the

right to control the manner and details of Gory's work. This control must be authoritative rather than suggestive, *Producers Chemical Company v. McKay,* supra, and any sporadic acts of control by Gulf should not be considered. *Newspapers, Inc. v. Love,* 380 S.W.2d 582 (Tex.1964). Under the facts of this case I conclude that the evidence is both legally and factually insufficient to support the finding that Gory was a borrowed employee of Gulf Oil Corporation.

I dissent from the Court's decision to the extent that it holds that the judgment against Gulf Oil Corporation is affirmed.