**Keith WHITE and Paula White, Individually and as Parents and Natural Guardians of Brandi White, a minor, Appellants,**

v.

**LIBERTY EYLAU SCHOOL DISTRICT, Appellee.**

No. 06–93–00071–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 29, 1994.

Decided June 3, 1994.

Rehearing Denied July 6, 1994.

Phillip J. Duncan, Duncan & Rainwater, Little Rock, AR, David Folsom, Young, Patton & Folsom, Texarkana, for appellants.

John R. Mercy, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Keith White and Paula White, individually and as parents of Brandi White, appeal a take-nothing summary judgment rendered against them in their suit against Liberty Eylau Independent School District. The Whites had sued the school district for damages caused when a school bus collided with their vehicle. Because we find that a genuine issue of fact exists as to the employment of the school bus driver, we reverse the summary judgment and remand the cause for trial.

On April 1, 1991, Mr. and Mrs. White, while driving in Bowie County, were struck by a school bus driven by Dorothy Brantley. Brantley, a teacher with the Liberty Eylau Independent School District, was also employed as a bus driver by the Bowie County School Transportation Department. The Whites alleged that the collision occurred when Brantley was transporting students in the bus and failed to stop at a stop sign.

The Whites alleged that, in addition to injuries they suffered, the force of the collision caused Mrs. White, who was pregnant, to go into premature labor and caused the baby, Brandi White, to be born with multiple permanent injuries.

The Whites sued the Texas Association of School Boards, Liberty Eylau School District, Bowie County School Transportation Department, and Brantley. The Texas Asso-ciation of School Boards was later dismissed from the suit.

The case was called for trial on June 15, 1993. After jury selection, but before opening statements, the Whites settled with Brantley and the transportation department. Under the terms of the settlement, Brandi White received $100,000.00 and Keith and Paula White each received $48,000.00.

The school district moved for summary judgment in its favor on the sole ground that Brantley was not an employee of the district in the scope of her employment when the collision occurred. The court granted the motion and rendered a take-nothing summary judgment.

▮ To be entitled to summary judgment, a defendant must establish by undisputed summary judgment evidence that the plaintiff cannot prevail on one or more of the essential elements of the pleaded cause of action and that the defendant is therefore entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and every reasonable inference must be indulged and every doubt resolved in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

▮ Only those issues expressly presented to the trial court by written motion or by written answer or response to the motion for summary judgment may be considered on appeal. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979). Thus, a summary judgment cannot be reversed or affirmed on a ground not specifically presented in the written motion or response. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 100 (Tex.1992). In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993).

The only ground raised in the district's motion for summary judgment, the Whites' response to that motion, or the district's reply to the response was the contention that Brantley was not acting as an employee of the school district at the time of the collision. Consequently, that is the only proper ground on which summary judgment could have been rendered. *See Travis v. City of Mesquite,* 830 S.W.2d at 100. The other grounds or findings that the trial court noted in its order were improperly included and the judgment may not be reversed or affirmed on any of those bases. *See Id.* Thus, it is not necessary that we address the Whites' points of error on those other grounds.

■ We note that the order granting summary judgment contains findings of fact and conclusions of law. The court in its judgment states that the school district is entitled to summary judgment "as set forth in its motion for summary judgment" but then states that it has made "the following additional *findings*" (emphasis added).[1] Concerning the issue actually raised in the motion, the judgment states that the Bowie County Transportation Department "is hereby *found* to be the employer" (emphasis added). Findings of fact and conclusions of law are not proper in summary judgment proceedings. *Starnes v. Holloway,* 779 S.W.2d 86, 90 (Tex.App.—Dallas 1989, writ denied) (citing *State v. Easley,* 404 S.W.2d 296, 297 (Tex.1966)). Therefore, although the Whites' point of error argues the issue of Brantley's employment status as stated in the trial court's "finding", our review of the court's order is based on the ground raised in the motion for summary judgment. *See Travis v. City of Mesquite,* 830 S.W.2d at 100; *Starnes v. Holloway,* 779 S.W.2d at 90.

■ For the school district to be liable under the doctrine of *respondeat superior,* Brantley must have been an employee acting within the scope of her general authority at the time of the accident, in furtherance of the district's business, and for the accomplishment of the object for which she was employed. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986); *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354, 357 (Tex.1971).

The district contended in its motion for summary judgment that no issue of material fact existed as to Brantley's employment status at the time of the accident. Although admitting that Brantley was one of its teachers, it argued that at the time of the accident Brantley was not acting within the scope of her employment with the district. It additionally argued that Brantley was not acting in furtherance of the district's business—that of teaching students—or within the general scope of her authority as a teacher, and that it did not have any right to control the details of Brantley's work as a bus driver. Specifically, the district argued that Brantley was performing work for the Bowie County School Transportation Department, a separate legal entity which employs and pays the bus drivers.

The district also argued that at the time of the collision Brantley was not its employee within the meaning of the Texas Tort Claims Act because she was not its paid employee, and that the Act therefore does not waive the district's governmental immunity.

---

1. The court noted the following "findings" in its order:

1. The limitations in the Tort claims Act requires (sic) the reduction of any award to the $100,000.00 maximum limit per person for a local governmental unit being sued under the Tort Claims Act.

Therefore, the Court, on its own motion, would reduce any stipulated award of damages for any party that exceeds the $100,000.00 limitation in V.T.C.A. Civil Practice and Remedies Code 101.023 to the maximum limit per person.

2. Under the Texas Tort Claims Act V.T.C.A. Civil Practice and Remedies Code 101.001, et al (sic), the definition of employee requires that the employer be the entity that paid the employee and Bowie County Schools (sic) Transportation Department (Bowie County Transportation) is hereby found to be the employer because it is the entity that paid the bus driver, Dorothy Brantley.

3. The purchase of insurance does not waive governmental immunity under Texas law.

4. Plaintiffs settled their claim with Bowie County Transportation and under V.T.C.A. Civil Practice and Remedies Code 101.106 the settlement with Bowie County Transportation bars any further action.

The Texas Tort Claims Act defines "employee" as

[A] person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.001(1) (Vernon 1986). The Tort Claims Act waives governmental immunity for school districts and other governmental units for certain negligent acts of their employees. TEX.CIV. PRAC. & REM.CODE ANN. § 101.021. The district relies on the recent Supreme Court case of *Harris County v. Dillard,* 37 Tex.Sup. Ct.J. 324, 1994 WL 1928 (Jan. 5, 1994). The court in that case, however, only decided that, for the purposes of the Tort Claims Act, the term "employee" does not include an *unpaid volunteer.* That is not the situation we have here. It is undisputed that Brantley was a paid employee of the school district—a teacher. The dispositive question is whether she was under the control and direction of the district when the accident happened, even though she was at that time also acting as a bus driver for the transportation department.

■ The Whites argue that, although Brantley was clearly under the control of the transportation department when the accident occurred, the summary judgment evidence shows that she was also under the control of the school district. A person may be the servant of two employers at one time as to one act if the service to one does not involve an abandonment of the service to the other. RESTATEMENT (SECOND) OF AGENCY § 226 (1958). If there is evidence of joint control of Brantley by the transportation department and the school district, a finding that Brantley was the employee of the school district when the accident occurred would be proper. *Gulf Oil Corp. v. Williams,* 642 S.W.2d 270, 272 (Tex.App.—Texarkana 1982, no writ).

Jim Norman, the director of transportation for the Bowie County School Transportation Department, testified by deposition that the department has a management board made up of the superintendents of the thirteen school districts for which transportation is provided and that, as director, he worked under the supervision of the board. He stated that funds from the state are sent directly to the transportation department, but the funding is based on a linear density formula for each district and that, should a district withdraw from the transportation entity, it would be entitled to its proportionate part of that funding. He also testified that the transportation department board made the ultimate employment decisions, but that he made all employment recommendations to the board, usually on the basis of recommendations from the school districts, and that he had never recommended anyone for employment who had received an unfavorable recommendation from a member school district.

Paul Huddleston, director of special services for the school district, testified by deposition that he is the district's liaison with the transportation department and, in that position, he interviews potential bus drivers and recommends them for employment with the department. He testified that school district personnel handle all discipline problems on the buses. He said that the school district has the authority to recommend the termination of bus drivers and that its recommendations are followed by the transportation department. He also stated that he is in charge of the day-to-day operation of the transportation program and the discipline of the drivers, and that the drivers contact him or his secretary if they are ill or will miss work. Additionally, he testified that he and Norman jointly plan the actual bus routes and that such routes are not adjusted without his input. Huddleston further testified that routine gassing and maintenance of buses takes place at the pump location at the Liberty Eylau High School and is performed by three men employed by the transportation department but who are under his supervision.

Nicholas Blaine, Liberty Eylau superintendent, testified in his deposition that a number of teachers in his district drive school buses and that many times when teachers are interviewed for a job they are informed of the opportunity to drive a school bus for the

transportation department. He testified that interviews with potential bus drivers are all conducted by Paul Huddleston, the school district's director of special services.

The summary judgment evidence summarized above raises a fact issue as to whether the school district and the transportation department jointly control the operation of the school buses. If there is joint control, Liberty Eylau would be amenable to suit for the Whites' injuries. *See Gulf Oil Corp. v. Williams,* 642 S.W.2d at 272. In addition, although state funds from which drivers are paid are sent directly to the transportation department, the summary judgment evidence raises a fact issue as to whether the school district has assigned its right to the funds to the department, thus indirectly paying the salary of the bus drivers transporting its students.

As there are issues of material fact to be resolved in this case, summary judgment was not proper. The judgment is reversed and the cause is remanded for trial.