COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-563-CR

 

 

HOWARD KIRK GIBBS                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY
CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








The trial court convicted Appellant Howard Kirk
Gibbs of two counts of simulating legal process and sentenced him to one year
in county jail and a $4,000 fine on each count. 
Appellant brings three issues on appeal, challenging the legal
sufficiency of the evidence, the sufficiency of the warnings of
self-representation, and the sufficiency of the charging instrument.[2]  Because we hold that the trial court did not
err and that the evidence is legally sufficient to support Appellant=s
conviction, we affirm the trial court=s
judgment.

Appellant=s father
was in jail, and Appellant believed his father was receiving inhumane treatment
because he was denied medical treatment for cancer and heart problems.  Appellant believed that Sheriff Weldon Lucas,
the sheriff of Denton County, was responsible for the treatment of his
father.  On March 23, 2003, Appellant
sent Lucas a document entitled, AAdministrative
Notice of Failure of Adhering to Policy and Customs Regulations,@ stating
that Appellant would hold Lucas personally responsible for monetary damages for
his failure to comply with the applicable law. 
Two months later, Appellant sent another document to Lucas entitled, ANotice
of Default of Administrative Notice of Failure of Adhering to Policy and Custom
Regulations and Bill for Damages,@
providing Lucas with a bill of damages for Appellant=s father=s
suffering.  Appellant later filed a
lawsuit against Lucas.








Appellant was arrested and charged with two
counts of simulating legal process.  He
claims that he did not retain an attorney at trial because he could not find
one that he could afford.  The trial
court tried and convicted him of both counts upon his plea of not guilty.  Appellant filed a timely notice of appeal.

In his first point, Appellant contends that the
evidence is legally insufficient to support his convictions.  Appellant relies on Saldana v. State.[3]  The Saldana court relied on a North
Carolina case that interpreted a North Carolina statute.  The North Carolina case held that Adocuments
that use language that possibly indicates judicial process do not constitute
such process if the documents are not issued in the name of a court; but
rather, an individual.@[4]

The State argues that the Saldana=s court=s
reliance on the North Carolina case is misplaced because of the difference in
the statutes.  The North Carolina statute
does not contain the provision contained in section 32.48(c) of the Texas Penal
Code.  We agree with the State.  Section 32.48 provides,

(a) A person commits an
offense if the person recklessly causes to be delivered to another any document
that simulates a summons, complaint, judgment, or other court process with the
intent to:

 

(1) induce payment of a claim from another person; or

 

(2) cause another to:








(A) submit to the putative authority of the document; or

 

(B) take any action or refrain from taking any action in response to
the document, in compliance with the document, or on the basis of the document.

 

(b) Proof that the
document was mailed to any person with the intent that it be forwarded to the
intended recipient is a sufficient showing that the document was delivered.

 

(c) It is not a defense
to prosecution under this section that the simulating document:

 

(1) states that it is not legal process; or

 

(2) purports to have been issued
or authorized by a person or entity who did not have lawful authority to issue
or authorize the document.[5]








Count One of the information charged Appellant
with delivery of the first document described above; Count Two charged him with
delivery of the second document.  The
evidence shows that the first document was served on Sheriff Weldon Lucas by
registered mail.  Hugh Coleman, counsel
to the Denton County Sheriff=s
Department, testified that registered mail is commonly used in litigation to
show that a party has received a sent document. 
The document uses terms such as declarant and respondent,
terms Coleman testified are normally used in civil process and civil
litigation.  The claims stated in the
document, which cites both legislative authority and case law, are similar to
section 1983 civil rights claims.[6]  Finally, the document contains a warning that
a default or failure to answer Aother
than [by] a line by line response will stand[] as a judgment nihil dicit@ against
Lucas.  A nihil dicit judgment is similar
to a default judgment but

is usually limited to
situations where (1) the defendant has entered some plea, usually of a dilatory
nature, but such plea has not placed the merits of the plaintiff's case in
issue, or (2) the defendant has placed the merits of the case in issue by
filing an answer, but such answer has been withdrawn.[7]

 








The document also requires a response from Lucas under penalty of
perjury and makes a claim for monetary damages of $1,000,000 per day of incarceration
of Appellant=s father.  The document is signed by Appellant,
verified, and notarized.  As the evidence
shows, the significance of the verification and notarization is that Appellant
attested to the truth of the contents of the document and the notary verified
his identity.  The document contains four
certificates of service.  Certificates of
service are commonly used in civil litigation to show that the legal document
has been served upon the other parties to the litigation.[8]  Based upon the applicable standard of review,[9]
we hold that the evidence is sufficient to support Appellant=s
conviction on Count One.








The second document also uses declarant
and respondent and cites legislative authority and case law in support
of its claims.  The document declares
Lucas in default, claims the matter is res judicata, and represents that it is
a judgment nihil dicit.  The document
demands payment in the amount of $44,000,000. 
The document is also signed, verified, and notarized, and it contains a
certificate of service.  Additionally,
the evidence reflects that the document purported to be a judgment that could
be abstracted to collect the money demanded. 
Included in the evidence is State=s
Exhibit Four, a petition filed in the 16th District Court in Denton
County in an attempt to enforce the declaration of default set forth in the
document complained of in Count Two, and State=s
Exhibit Five, a motion for final judgment in that civil case.  Based upon the applicable standard of review,[10]
we hold that the evidence is legally sufficient to support Appellant=s
conviction on Count Two.  We overrule
Appellant=s first point.

In his second point, Appellant argues that he was
deprived of his right to counsel without proper admonishment.  He claims that he was not apprised of his
rights at the time of arrest or later and that law enforcement personnel
interrogated him and he proceeded through several court hearings before receiving
any admonishment.  He says that he never
expressly or impliedly waived his right to an attorney but did not retain one
at trial because he could not find one that he could afford.  After Appellant appealed, this court abated
the case because he was proceeding pro se on appeal.  We returned the case to the trial court with
instructions to properly admonish Appellant about the dangers of
self-representation on appeal.  After being
admonished, Appellant hired his present attorney of record for this appeal.








The right to assistance of counsel guaranteed by
both state and federal constitutions is a right that may be waived.[11]  Contrary to Appellant=s
assertions, the record before this court reveals that the conscientious trial
judge thoroughly and timely admonished Appellant regarding the dangers of
self-representation at trial and his desire for self-representation.  At no time did Appellant request appointed
counsel.  As the State points out,
Appellant was made fully aware of the disadvantages of
self-representation.  The trial court
admonished him that he was entitled to counsel and that counsel would be
appointed if he could not afford to hire an attorney.  Appellant was thoroughly aware of the nature
of the charges against him.  Appellant
clearly informed the trial court that he did not want an attorney to represent
him.  We overrule Appellant=s second
point.

In his third point, Appellant argues that the
complaint and information are fundamentally defective because they fail to
state an offense, they fail to name the complaining party, the signature on the
complaint is illegible, and the complaint was not brought by a credible
person.  The State argues that Appellant
waived these complaints by failing to timely object below.  Article Five, section twelve of the Texas
Constitution provides,

An information is a
written instrument presented to a court by an attorney for the State charging a
person with the commission of an offense. 
The practice and procedures relating to the use of . . . informations,
including their contents, amendment, sufficiency, and requisites, are as provided
by law.  The presentment of an . . .  information to a court invests the court with
jurisdiction of the cause.[12]

 








When an information fails to charge a person with an offense,

it is void and incapable of invoking the court's
jurisdiction.  The absence of
jurisdiction renders the judgment a complete nullity and exempts the defendant
from the rules of procedural default. 
Thus, a defendant's failure to object as required by article 1.14(b)
does not waive the defect because the judgment's voidness is cognizable at
anytime.[13]

Consequently, we shall address Appellant=s
contention that the information fails to state an offense.  Additionally, in the interest of justice, we
shall address his contention that the information fails to state a
complainant.  The information provides, 

COUNT I

NOW COMES, Bruce Isaacks . . . and . . . presents . . . that
[Appellant] . . . did then and there with intent to induce payment of a claim
from another person or with intent to cause another person to submit to the
putative authority of the document, recklessly cause to be delivered to Weldon
Lucas a document that simulated a summons, complaint, judgment or other court
process, to wit:  Administrative Notice
of Failure of Adhering to Policy and Custom Regulations;

 

COUNT II

 








And, Bruce Isaacks . . . presents . . . that [Appellant] . . . did
then and there with intent to induce payment of a claim from another person or
with intent to cause another person to submit to the putative authority of the
document, recklessly cause to be delivered to Weldon Lucas a document that
simulated a summons, complaint, judgment or other court process, to-wit:  Notice of Default of Administrative Notice of
Failure of Adhering to Policy and Custom Regulations and Bill for Damages.

 

Having carefully examined the information, we find that it fails
neither to state an offense nor to name a complaining party.  The information tracks the applicable
statute,[14]
and Weldon Lucas is clearly shown as the complainant.   As for Appellant=s
remaining complaints, which do not allege fundamental defects, Article 1.14(b)
of the Texas Code of Criminal Procedure requires a defendant to object to a
defect in the charging instrument before the date upon which the trial of the
merits begins to preserve error.[15]  Although Appellant filed a document entitled ADeclaration
of Complaint and Objections to Charging Instrument,@ a
hearing was never held on these objections, and they were never presented to
the trial court.  Appellant consequently
preserved nothing for review.[16]  We overrule Appellant=s third
point.

 

 








Having overruled Appellant=s three
points, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL A:   CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 9, 2006











[1]See Tex. R. App. P. 47.4.





[2]We commend counsel for both parties for their
excellent briefs.





[3]109 S.W.3d 4 (Tex. App.CEl Paso 2002, no pet.).





[4]Id. at 9-10.





[5]Tex. Penal Code Ann. ' 32.48 (Vernon 2003).





[6]See 42
U.S.C.A. ' 1983 (West 2003).





[7]Frymire Eng=g Co.,
Inc. v. Grantham, 524 S.W.2d 680, 681 (Tex. 1975).





[8]See. e.g., Tex. R. Civ. P. 21.





[9]See Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612
(Tex. Crim. App. 2001); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1131 (2000).





[10]See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Burden, 55 S.W.3d at 612; Dewberry, 4 S.W.3d at 740.





[11]Faretta v. California, 422 U.S. 806, 819-20, 95 S. Ct. 2525, 2533 (1975); Fullbright
v. State, 41 S.W.3d 228, 234 (Tex. App.CFort Worth 2001, pet. ref=d).





[12]Tex. Const. art. V, ' 12.





[13]Ex parte Patterson, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998).





[14]See Tex. Penal Code Ann. ' 32.48.





[15]See Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon 2005).





[16]See Tex. R. App. P. 33.1(a); Mendez v.
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).