MARTIN TALLY AND OTHERS v. J. F. THORN AND OTHERS.

1. In an action of trespass to try title and for damages, the defendants filed an answer of not guilty ; but at a subsequent term a judgment purporting to be by default was rendered against them, reciting that though they had answered, yet they came not when called, but made default, etc. A jury of inquiry was impanneled merely to assess the plaintiff's damages, and returned a verdict that they found "for the plaintiffs, damages at three thousand one hundred and eighteen dollars ;" and thereupon the court below rendered judgment that the plaintiffs recover the land, and also the damages assessed by the jury. There was neither evidence nor verdict respecting the title. *Held*, that it was error to render the judgment against the defendants by default when their answer was on file. *Held further*, that it was error to render the final judgment either for the land or for the damages assessed by the jury. The case does not come within the rule of Hopkins v. Donaho, 4 Texas 337, and Pierson v. Burney, 15

Texas, 272 ; inasmuch as in the present case the answer was not only on file, but was brought to the attention of the court, as is apparent from the recitals of the judgment rendered.

2. A plaintiff in trespass to try title must first establish his title to the land, before he can recover damages in respect of it.

ERROR from Smith. Tried below before the Hon. W. M. Taylor.

There is no occasion to state other facts than those noticed by the court in its opinion.

*Poag & McKay*, and *W. L. Robards*, for the plaintiffs in error.

No brief for the defendants in error.

EVANS, P. J.—This was an action of trespass to try title, brought at the July term, 1863, of the District Court of Smith county, for the recovery of a league of land lying in the county of Smith, and also to recover damages.

At the Fall term, 1863, defendants put in a general demurrer and general denial, and continued the cause.

The record discloses no other order until the Spring term, 1869, at which term there was a judgment by default, and writ of inquiry, and a jury impanneled to assess the damages, who returned the following verdict: "We, the jury, find for the plaintiffs, damages at three thousand one hundred and eighteen dollars ;" upon which the court rendered a judgment that plaintiffs have and recover of the defendants the land described in their petition, and also the sum of three thousand one hundred and eighteen dollars, and all costs, etc.

The counsel assign, as we think correctly, that there was error in rendering a judgment by default against defendants when their answer had been duly filed.

2. There was error in rendering judgment for the land, and also for damages, upon the verdict of the jury—there being no proof or finding by the jury that plaintiffs had title to the land.

The judgment recites that defendants had filed their answer, and that it was called to the attention of the court, and hence it does not come within the rule of Hopkins v. Donaho, 4 Texas, 337, or of Pierson v. Burney, 15 Texas, 272.

The answer denied the plaintiffs' title and right to damages, and both were put in issue. At common law actions of ejectment are classed with trespass, assault, false imprisonment, etc., and not regarded liquidated demands. To recover, the plaintiff was required to prove his title. According to our statute, the plaintiff must establish his right to the land before he can recover in trespass to try title. (Arts. 5292–3, Paschal's Digest.)

In this case the defendants pleaded not guilty, and the plea had not been withdrawn. The jury could not assess damages until the plaintiffs had shown title in themselves. The petition alone can form no basis for the assessment of damages in favor of one who has proved no title. Had the demand been liquidated, the clerk could have assessed the damages without a jury; but how can a jury assess damages until the right to the thing in controversy is established?

The judgment is, therefore, reversed and the cause remanded.

REVERSED AND REMANDED.