FRYMIRE ENGINEERING COMPANY, INC., Petitioners,

v.

Patricia GRANTHAM, Respondent.

No. B–5124.

Supreme Court of Texas.

June 18, 1975.

Bailey, Williams, Westfall & Henderson, C. Edward Fowler, Jr., G. David Westfall and James A. Williams, Dallas, for petitioner.

Wilson, Berry, Jorgenson & Johnson, Kenneth W. Fuqua, Dallas, for respondent.

PER CURIAM.

This is a suit for damages based upon the negligent installation of wiring in which the defendant, Frymire Engineering Company, Inc. had on file a general denial, but failed to appear at trial. The trial court heard evidence from the plaintiff, Patricia Grantham, as to damages, but no evidence was introduced that the defendant installed the wiring. The court of civil appeals, after a remittitur, affirmed the trial court's judgment in favor of the plaintiff. 517 S.W.2d 820.

The court of civil appeals held that there was no necessity for plaintiff to prove defendant's liability because the posture of this case allowed the entry of a judgment of nihil dicit (defendant says nothing). 517 S.W.2d at 825. That holding is in conflict with Texas Rules of Civil Procedure, rule 92, which provides:

"A general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue. . ."

See, Shell Chemical Co. v. Lamb, 493 S.W.2d 742, 744 (Tex.1973); Trevino v.

American Nat'l. Ins. Co., 140 Tex. 500, 168 S.W.2d 656 (1943). That holding further conflicts with this Court's decision in *Tally v. Thorn*, 35 Tex. 727 (1872), wherein we held that, defendants having filed their answers, the plaintiff was required to prove his case even though the defendants failed to appear at the trial. *See also,* Finlay v. Jones, 435 S.W.2d 136, 138–39 (Tex.1969); Hanks v. Rosser, 378 S.W.2d 31, 34 (Tex. 1964); World Co. v. Dow, 116 Tex. 146, 287 S.W. 241, 243 (1926); Kinnard v. Herlock, 20 Tex. 48 (1857); Able v. Chandler, 12 Tex. 88 (1854); Ryburn v. Nail, 4 Tex. 305 (1849); Webb v. Reynolds, 207 S.W. 914, 916 (Tex.Comm.App.1919, jdgmt. adopted); Griffin v. Browne, 482 S.W.2d 716, 717 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.).

 This is not a true nihil dicit judgment, which is usually limited to situations where (1) the defendant has entered some plea, usually of a dilatory nature, but such plea has not placed the merits of the plaintiff's case in issue,[1] or (2) the defendant has placed the merits of the case in issue by filing an answer, but such answer has been withdrawn.[2] 4 R. McDonald, Texas Civil Practice § 17.25, pp. 126–28 (1971); 3 A. Freeman, Freeman on Judgments 2628 (2d ed. 1925); 1 H. Black, Black on Judgments 83 (1891). If defendant has filed an answer placing in issue the merits of plaintiff's cause of action, defendant's failure to appear at the trial is neither an abandonment of defendant's answer nor is it an implied confession of any issues thus joined by the defendant's answer. *See,* Tex.R.Civ.P. 239; Finlay v. Jones, 435 S.W.2d 136, 138–39 (Tex.1969); Hanks v. Rosser, 378 S.W.2d 31, 34 (Tex.1964); World Co. v. Dow, 116 Tex.

1. *E. g.,* Spivey v. Saner-Ragley Lumber Co., 284 S.W. 210 (Tex.Comm.App.1926, jdgmt. adopted); O'Quinn v. Tate, 187 S.W.2d 241 (Tex.Civ.App.1945, writ ref'd).

2. *E. g.,* Graves v. Cameron, Castles & Storey, 77 Tex. 273, 14 S.W. 59 (1890); Janson

146, 287 S.W. 241, 243 (1926). *Cf.* Mullen v. Roberts, 423 S.W.2d 576 (Tex.1968), in which defendant's attorney withdrew and the trial court, after hearing the evidence, entered a judgment by default.

Pursuant to Tex.R.Civ.P. 483, the application for writ of error is granted and, without hearing argument, the judgments of the courts below are reversed and the cause is remanded to the trial court. Tex.R.Civ.P. 505.

v. Bank of Republic, 48 Tex. 599 (1878); Storey v. Nichols, 22 Tex. 87 (1858); Cartwright v. Roff, 1 Tex. 78 (1846); Howe v. Central State Bank of Coleman, 297 S.W. 692 (Tex.Civ.App.—Austin 1927, writ ref'd).