Howard Kirk Gibbs v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-563-CR

HOWARD KIRK GIBBS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court convicted Appellant Howard Kirk Gibbs of two counts of simulating legal process and sentenced him to one year in county jail and a $4,000 fine on each count.  Appellant brings three issues on appeal, challenging the legal sufficiency of the evidence, the sufficiency of the warnings of self-representation, and the sufficiency of the charging instrument.
(footnote: 2)  Because we hold that the trial court did not err and that the evidence is legally sufficient to support Appellant’s conviction, we affirm the trial court’s judgment.

Appellant’s father was in jail, and Appellant believed his father was receiving inhumane treatment because he was denied medical treatment for cancer and heart problems.  Appellant believed that Sheriff Weldon Lucas, the sheriff of Denton County, was responsible for the treatment of his father.  On March 23, 2003, Appellant sent Lucas a document entitled, “Administrative Notice of Failure of Adhering to Policy and Customs Regulations,” stating that Appellant would hold Lucas personally responsible for monetary damages for his failure to comply with the applicable law.  Two months later, Appellant sent another document to Lucas entitled, “Notice of Default of Administrative Notice of Failure of Adhering to Policy and Custom Regulations and Bill for Damages,” providing Lucas with a bill of damages for Appellant’s father’s suffering.  Appellant later filed a lawsuit against Lucas.

Appellant was arrested and charged with two counts of simulating legal process.  He claims that he did not retain an attorney at trial because he could not find one that he could afford.  The trial court tried and convicted him of both counts upon his plea of not guilty.  Appellant filed a timely notice of appeal.

In his first point, Appellant contends that the evidence is legally insufficient to support his convictions.  Appellant relies on 
Saldana v. State
.
(footnote: 3)  The 
Saldana
 court relied on a North Carolina case that interpreted a North Carolina statute.  The North Carolina case held that “documents that use language that possibly indicates judicial process do not constitute such process if the documents are not issued in the name of a court; but rather, an individual.”
(footnote: 4)
 The State argues that the 
Saldana’s
 court’s reliance on the North Carolina case is misplaced because of the difference in the statutes.  The North Carolina statute does not contain the provision contained in section 32.48(c) of the Texas Penal Code.  We agree with the State.  Section 32.48 provides,

(a) A person commits an offense if the person recklessly causes to be delivered to another any document that simulates a summons, complaint, judgment, or other court process with the intent to:

(1) induce payment of a claim from another person; or

(2) cause another to:

(A) submit to the putative authority of the document; or

(B) take any action or refrain from taking any action in response to the document, in compliance with the document, or on the basis of the document.

(b) Proof that the document was mailed to any person with the intent that it be forwarded to the intended recipient is a sufficient showing that the document was delivered.

(c) It is not a defense to prosecution under this section that the simulating document:

(1) states that it is not legal process; or

(2) purports to have been issued or authorized by a person or entity who did not have lawful authority to issue or authorize the document.
(footnote: 5)
 Count One of the information charged Appellant with delivery of the first document described above; Count Two charged him with delivery of the second document.  The evidence shows that the first document was served on Sheriff Weldon Lucas by registered mail.  Hugh Coleman, counsel to the Denton County Sheriff’s Department, testified that registered mail is commonly used in litigation to show that a party has received a sent document.  The document uses terms such as 
declarant
 and 
respondent
, terms Coleman testified are normally used in civil process and civil litigation.  The claims stated in the document, which cites both legislative authority and case law, are similar to section 1983 civil rights claims.
(footnote: 6)  Finally, the document contains a warning that a default or failure to answer “other than [by] a line by line response will stand[] as a judgment nihil dicit” against Lucas.  A nihil dicit judgment is similar to a default judgment but

is usually limited to situations where (1) the defendant has entered some plea, usually of a dilatory nature, but such plea has not placed the merits of the plaintiff's case in issue, or (2) the defendant has placed the merits of the case in issue by filing an answer, but such answer has been withdrawn.
(footnote: 7)

The document also requires a response from Lucas under penalty of perjury and makes a claim for monetary damages of $1,000,000 per day of incarceration of Appellant’s father.  The document is signed by Appellant, verified, and notarized.  As the evidence shows, the significance of the verification and notarization is that Appellant attested to the truth of the contents of the document and the notary verified his identity.  The document contains four certificates of service.  Certificates of service are commonly used in civil litigation to show that the legal document has been served upon the other parties to the litigation.
(footnote: 8)  Based upon the applicable standard of review,
(footnote: 9) we hold that the evidence is sufficient to support Appellant’s conviction on Count One.

The second document also uses 
declarant
 and 
respondent
 and cites legislative authority and case law in support of its claims.  The document declares Lucas in default, claims the matter is res judicata, and represents that it is a judgment nihil dicit.  The document demands payment in the amount of $44,000,000.  The document is also signed, verified, and notarized, and it contains a certificate of service.  Additionally, the evidence reflects that the document purported to be a judgment that could be abstracted to collect the money demanded.  Included in the evidence is State’s Exhibit Four, a petition filed in the 16
th
 District Court in Denton County in an attempt to enforce the declaration of default set forth in the document complained of in Count Two, and State’s Exhibit Five, a motion for final judgment in that civil case.  Based upon the applicable standard of review,
(footnote: 10) we hold that the evidence is legally sufficient to support Appellant’s conviction on Count Two.  We overrule Appellant’s first point.

In his second point, Appellant argues that he was deprived of his right to counsel without proper admonishment.  He claims that he was not apprised of his rights at the time of arrest or later and that law enforcement personnel interrogated him and he proceeded through several court hearings before receiving any admonishment.  He says that he never expressly or impliedly waived his right to an attorney but did not retain one at trial because he could not find one that he could afford.  After Appellant appealed, this court abated the case because he was proceeding pro se on appeal.  We returned the case to the trial court with instructions to properly admonish Appellant about the dangers of self-representation on appeal.  After being admonished, Appellant hired his present attorney of record for this appeal.

The right to assistance of counsel guaranteed by both state and federal constitutions is a right that may be waived.
(footnote: 11)  Contrary to Appellant’s assertions, the record before this court reveals that the conscientious trial judge thoroughly and timely admonished Appellant regarding the dangers of self-representation at trial and his desire for self-representation.  At no time did Appellant request appointed counsel.  As the State points out, Appellant was made fully aware of the disadvantages of self-representation.  The trial court admonished him that he was entitled to counsel and that counsel would be appointed if he could not afford to hire an attorney.  Appellant was thoroughly aware of the nature of the charges against him.  Appellant clearly informed the trial court that he did not want an attorney to represent him.  We overrule Appellant’s second point.

In his third point, Appellant argues that the complaint and information are fundamentally defective because they fail to state an offense, they fail to name the complaining party, the signature on the complaint is illegible, and the complaint was not brought by a credible person.  The State argues that Appellant waived these complaints by failing to timely object below.  Article Five, section twelve of the Texas Constitution provides,

An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense.  The practice and procedures relating to the use of . . . informations, including their contents, amendment, sufficiency, and requisites, are as provided by law.  The presentment of an . . .  information to a court invests the court with jurisdiction of the cause.
(footnote: 12)

When an information fails to charge a person with an offense,

it is void and incapable of invoking the court's jurisdiction.  The absence of jurisdiction renders the judgment a complete nullity and exempts the defendant from the rules of procedural default.  Thus, a defendant's failure to object as required by article 1.14(b) does not waive the defect because the judgment's voidness is cognizable at anytime.
(footnote: 13)
Consequently, we shall address Appellant’s contention that the information fails to state an offense.  Additionally, in the interest of justice, we shall address his contention that the information fails to state a complainant.  The information provides, 

COUNT I

NOW COMES, Bruce Isaacks . . . and . . . presents . . . that [Appellant] . . . did then and there with intent to induce payment of a claim from another person or with intent to cause another person to submit to the putative authority of the document, recklessly cause to be delivered to Weldon Lucas a document that simulated a summons, complaint, judgment or other court process, to wit:  Administrative Notice of Failure of Adhering to Policy and Custom Regulations;

COUNT II

And, Bruce Isaacks . . . presents . . . that [Appellant] . . . did then and there with intent to induce payment of a claim from another person or with intent to cause another person to submit to the putative authority of the document, recklessly cause to be delivered to Weldon Lucas a document that simulated a summons, complaint, judgment or other court process, to-wit:  Notice of Default of Administrative Notice of Failure of Adhering to Policy and Custom Regulations and Bill for Damages.

Having carefully examined the information, we find that it fails neither to state an offense nor to name a complaining party.  The information tracks the applicable statute,
(footnote: 14) and Weldon Lucas is clearly shown as the complainant. As for Appellant’s remaining complaints, which do not allege fundamental defects, Article 1.14(b) of the Texas Code of Criminal Procedure requires a defendant to object to a defect in the charging instrument before the date upon which the trial of the merits begins to preserve error.
(footnote: 15)  Although Appellant filed a document entitled “Declaration of Complaint and Objections to Charging Instrument,” a hearing was never held on these objections, and they were never presented to the trial court.  Appellant consequently preserved nothing for review.
(footnote: 16)  We overrule Appellant’s third point.

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We commend counsel for both parties for their excellent briefs.

3:
109 S.W.3d 4 (Tex. App.—El Paso 2002, no pet.).

4:
Id
. at 9-10.

5:
Tex. Penal Code Ann.
 § 32.48 (Vernon 2003).

6:
See
 42 U.S.C.A. § 1983 (West 2003).

7:
Frymire Eng’g Co.
,
 Inc. v. Grantham
, 524 S.W.2d 680, 681 (Tex. 1975).

8:
See. e.g.
, 
Tex. R. Civ. P.
 21.

9:
See Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

10:
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Burden
, 55 S.W.3d at 612; 
Dewberry
, 4 S.W.3d at 740.

11:
Faretta v. California
, 422 U.S. 806, 819-20, 95 S. Ct. 2525, 2533 (1975); 
Fullbright v. State
, 41 S.W.3d 228, 234 (Tex. App.—Fort Worth 2001, pet. ref’d).

12:
Tex. Const.
 art. V, § 12.

13:
Ex parte Patterson
, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998).

14:
See 
Tex. Penal Code Ann.
 § 32.48.

15:
See
 
Tex. Code Crim. Proc. Ann.
 art. 1.14(b) (Vernon 2005).

16:
See
 
Tex. R. App. P.
 33.1(a); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004);
 Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).