ACCEPTED
04-14-00811-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/29/2015 10:16:56 AM
KEITH HOTTLE
CLERK

No. 04-14-00811-CV

_____

_____

**IN THE FOURTH COURT OF APPEALS**
**SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/29/2015 10:16:56 AM
KEITH E. HOTTLE
Clerk

_____

_____

**RANDY COLEMAN**

*Appellant*

v.

**RALPH DEAN**

*Appellee*

_____

APPEAL FROM CAUSE NO. 11-04-49987-CV
79th DISTRICT COURT, JIM WELLS COUNTY, TEXAS
HON. JUDGE RICHARD C. TERRELL

_____

**BRIEF OF APPELLANT RANDY COLEMAN**

_____

Paul R. Lawrence
State Bar No. 12050000
2180 North Loop West, Suite 510
Houston, Texas 77018
(713) 864-8000
(713) 864-0179 (fax)
prlawrence@lbandd.com
*Counsel for Appellant Randy*
*Coleman and Jim Coleman Company*

**ORAL ARGUMENT REQUESTED**

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument.

## IDENTITY OF PARTIES AND COUNSEL

**Appellants/Defendants:**          **Appellate Counsel:**

Randy Coleman                       Paul Lawrence
                                    State Bar No. 12050000
                                    2180 North Loop West, Suite 510
                                    Houston, Texas 77018

Jim Coleman Company                 Paul Lawrence
                                    State Bar No. 12050000
                                    2180 North Loop West, Suite 510
                                    Houston, Texas 77018

**Appellee/Plaintiff:**             **Trial Counsel:**

Ralph Dean                          Charles C. Webb
                                    State Bar of Texas No. 21039500
                                    Webb Cason PC
                                    710 N. Mesquite
                                    Corpus Christi, Texas 78401

                                    **Lead Appellate Counsel:**

                                    Frank Weathered
                                    Dunn Weathered Coffey Rivera &
                                    Kasperitis, PC
                                    611 South Upper Broadway
                                    Corpus Christi, Texas  78401

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT                                    2

IDENTITY OF PARTIES AND COUNSEL                                      2

TABLE OF CONTENTS                                                    3

INDEX OF AUTHORITIES                                                 5

STATEMENT OF THIS RESTRICTED APPEAL CASE                             9

ISSUES PRESENTED                                                    10
    I.    RESTRICTED APPEAL                                           10
    II.   INSUFFICIENCY OF EVIDENCE AS TO LIABILITY                 10
    III.  INSUFFICIENCY OF EVIDENCE AS TO ADDITIONAL
         DAMAGES                                                 10
    IV.  ABUSE OF DISCRETION AS TO ATTORNEY'S FEES               10
    V.   VIOLATION OF ONE SATISFACTION RULE FOR SINGLE
         INJURY RULE                                             10

STATEMENT OF FACTS.                                                 11

SUMMARY OF THE ARGUMENT                                             13

STANDARDS OF REVIEW                                                 14

ARGUMENT                                                            15

       Appellant has complied with all elements set out at Texas Rule of
       Appellate Procedure 30 to pursue the present restricted appeal.    15

POINTS OF ERROR

    I.    The evidence is legally and factually insufficient to establish
        Liability.                                              15
    II.   The evidence is legally and factually insufficient to support the award
        Of Additional Damages.                                  31
    III.  The Evidence is Insufficient as to Attorney's Fees           32
    IV.  The Judgment is in Error as it awards three times both economic and
        Additional Damages (damages are owing by each Defendant, not joint
        and several)                                            35

CONCLUSION AND PRAYER   36

CERTIFICATE OF COMPLIANCE   37

CERTIFICATE OF SERVICE   38

APPENDIX   39

# INDEX OF AUTHORITIES

*Aguilar vs. Breckinridge,* 2013 Tex. App. Lexis 14732… ………………..….16

*Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 462-64 (Tex. App.—Dallas 1990), writ denied, 800 S.W.2d 853 (Tex. 1991) (per curiam) …………………….…… . 26

*Beard v. Beard*, 49 S.W.3d 40, 55 (Tex.App.-Waco 2001, pet. denied)………...18

*Burroughs v. APS Int'l, Ltd.*, 93 S.W.3d 155, 163 (Tex. App.-Houston [14th Dist.] 2002, pet. denied)…………………………………………………………...24

*Budd v. Gay*, 846 S.W.2d 521, 524 (Tex.App.-Houston [14th Dist.] 1993, no writ……………………………………………………………………………….32

*Casino Magic Corp. v. King*, 43 S.W.3d 14, 19 (Tex.App.-Dallas 2001, pet. denied)……………………………………………………………….. ….17

*Central Texas Micrographics v. Leal*, 908 S.W.2d 292, 296 (Tex. App.—San Antonio 1995, no writ)……………………………………………………30

*Chilton Ins. v. Pate & Pate Enter., Inc.*, 930 S.W.2d 877, 890 (Tex.App.-San Antonio 1996, writ denied)……………………………………………………25

*City of Keller vs. Wilson*, 768 SW3d 802 (Tex. 2005).............................................16

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex.1985)…37

*Flores v. Brimex Limited Partnership*, 5 S.W.3d 816 (Tex. App. - San Antonio 1999, no pet.)……………………………………….…………………… 18

*Formosa Plastics Corp. USA v. Presidio Engrs. & Contractors, Inc.*, 960 S.W.2d 41,48 (Tex.1998)………….………………………………. 28

*Frost Nat'l Bank v. Burge,* 29 S.W.3d 580, 593 (Tex.App.-Houston [14th Dist.]) (2000)………………………………………………………………………28

*Frymier Engineering Co. v. Grantham*, 524 S.W.2d 680, 681 (Tex. 1975).……19

*Harris v. Balderas,* 27 S.W.3d 71, 77 (Tex. App.—San Antonio 2000, pet. denied)………………………………………………………….…..30

*Hedley Feedlot, Inc. v. Weatherly Trust,* 855 S.W.2d 826, 838-39 (Tex. App.—Amarillo 1993, writ denied)……………………………………………… 26

*Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 502 (Tex. 2001)………. ……. 26

*Holt Atherton v. Heine,* 835 SW2d 80 (Tex 1992)………………..……………...15

*Humble Nat'l Bank v. DCV, Inc.,* 933 S.W.2d 224, 229 (Tex. App.—Houston [14th Dist.] 1996, writ denied)……………..……………………………. 26

*Luna v. North Star Dodge Sales, Inc.,* 667 S.W.2d 115, 118 (Tex. 1984)……32

*Mansell v. Insurance Co. Of The West,* 203 SW3d 499, 500 (Tex. App. – Houston [14th Dist.] 2002, no pet.), citing Tex. R. App. P. 30……………… . 14

*Mercier v. Southwest Bell Yellow Pages, Inc.,* 214 S.W.3d 770  (Tex.App.-Corpus  Christi Jan 25, 2007) (NO. 13-05-700-CV)…………………………….33

*Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711(Tex. 1997)…. 18

*Norman Communications v. Texas Eastman,* 955 SW2d 269, 270(Tex. 1997)14

*Prime Prod., Inc. v. S.S.I. Plastics, Inc.,* 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)……………….….. …………………… 36

*Seideneck v. Cal Bayreuther Assocs.,* 45 1 S.W.2d at 755……... …………….23

*Smith v. Kinslow,* 598 S.W.2d 910, 912 (Tex. Civ. App.—Dallas 1980, no writ)……………………………………………………………………... 31

*Spillman v. Self Serve Fixture Co., Inc.,* 693 SW2d 656 (Tex Court of Appeal – 5th District 1985)…………………………………………………35

*Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 435 (Tex.1986)………..... 25

*Stoner v. Thompson,* 578 S.W.2d 679, 684 (Tex. 1979)…………………….. 18

*T.O. Stanley Boot Co.*, 847 S.W.2d at 222…………………………………………..24

*Townewest Homeowners Ass'n v. Warner Comm'n Inc.*, 826 S.W.2d 638, 640 (Tex.App.-Houston [14th Dist.]) (1992)………………………………… 28

TRAP 26.1(c) and 30……………………………………………………15


Tex. Bus. & Comm. Code Ann. 17.45 (Vernon 2002)………………………………19

Tex. Bus. & Comm. Code Ann. 17.46(a) (Vernon 2002)……..………………..23

Tex.Bus.& Comm. Code Ann. 17.46 (b)(2)(3)(5)(12) and (24)……………….19

Tex.Bus.& Comm. Code Ann. 17.46 (b)(7)……………….….……………….…22

Tex. R. Evid. 702, 703 § 2.4……..………………………………………….... .33

38 Tex. Law Review §361 (1960).....................................................................16


Appendix……………………………………………………………….39

A – Final Judgment
B – Third Amended Original Petition
C – Charge
D – Exhibit 6
E – Trial Exhibit 9A-9G
F – Trial Exhibit 2A-2C
G – Trial Exhibit 3
H – Trial Exhibit 12

_____

_____

## In the Fourth Court of Appeals
## San Antonio, Texas

_____

_____

**RANDY COLEMAN**

*Appellant*

v.

**RALPH DEAN**

*Appellee*

_____

APPEAL FROM CAUSE NO. 11-04-49987-CV
79th DISTRICT COURT, JIM WELLS COUNTY, TEXAS
HON. JUDGE RICHARD C. TERRELL


TO THE HONORABLE FIRST COURT OF APPEALS:

Comes now Randy Coleman, Appellant, Defendant in the trial court, and files this Appellant Brief, and would respectfully show the Court the following:

# STATEMENT OF THE CASE

*Nature of the Case:*        This is a suit for damages arising from a purchase of a concrete modular home. This is a restricted appeal after post-answer default judgment. The issues presented are qualification for Restricted Appeal, errors on face of record with respect to legal and factual sufficiency of evidence as to 1) liability, 2) damages, 3) attorney's fees and 4) violation of the one satisfaction rule for single injury.

*Course of Proceedings:*        Ralph Dean sued Living Modular, LLC, Randy Coleman and Jim Coleman Company for failure to deliver a modular home, alleging violation of the Deceptive Trade Practices Act and Breach of Contract. Randy Coleman, Living Modular, LLC and Jim Coleman Company appeared by filing Answers in this case. Randy Coleman did not appear at the Jury Trial, case was withdrawn from Jury and a post-answer default judgment in favor of Plaintiff was entered. Judgment was signed on June 30, 2014. Randy Coleman perfected his appeal to this Court on November 20, 2104, within six months of date of Judgment.

*Trial Court's Disposition:*        The trial court after hearing testimony presented to Jury, granted a final default judgment against Randy Coleman. Ralph Dean was awarded damages in the amount of $47,659.38 under Deceptive Trade Practices Act, additional damages under the DTPA of $142,978.14, and prejudgment interest on the principal award at 5%, plus attorney's fees in the amount of $51,960.00; (For Trial, $26,960.00) ( For Court of Appeals, $15,000) and (For Representation through Supreme Court $10,000) and pre- and post-judgment interest, and costs.

Randy Coleman will cite the Clerk's Record as "CR_____," and the Reporter's Record as "RR_____."

9

## ISSUES PRESENTED

Randy Coleman made an appearance by Answer, but did not appear or participate in the Trial. The issue is: Does the Court Record support a restricted appeal?

## POINTS OF ERROR

I.      The testimony of only a single factual witness as to liability and damages was conclusory and contained little evidence relating to the allegations. The issue: Is the testimony sufficient for the Court to make a finding of liability under the DTPA, enter Judgment and to conclude a liability of $47,659.38?

II.      The Court found that Randy Coleman acted knowingly and awarded additional damages of $142,978.14. The issue: Is the testimony and evidence sufficient for the Court to find Randy Coleman acted knowingly?

III.      The testimony of the attorney fee experts was conclusory, failed to address and segregate the fees as to each Defendant or as to the issue of acting knowingly as required. The issue: Was the award of attorney's fees an abuse of discretion?

IV.      The Judgment entered damages in the same amount against each of the three Defendants, resulting in a recovery that was three times the already trebled additional damages. The issue: Does a trebled recovery against each named Defendant violate the one satisfaction rule for a single injury?

## STATEMENT OF FACTS

Appellee Ralph Dean, agreed to purchase a concrete modular home from Living Modular, LLC.  Such Agreement was entered on or about October 22, 2009 and is in the (RR  Vol. III, Page 45, Lines 17-20) Trial Exhibit 6, Appendix D.  At the time of sale, Mr. Dean paid $30,000 to Living Modular, LLC toward the purchase price.  The home, was to be delivered on or before Thanksgiving 2009. Thereafter, Mr. Dean paid additional amounts to Appellant Randy Coleman toward the purchase.  Randy Coleman was the person who sold the modular home.  The home was never delivered.

Ralph Dean initiated this lawsuit by filing his  Original Petition against Living Modular, LLC, Randy Coleman and Jim Coleman Company, under several causes of action, including fraud and misrepresentation.   Thereafter, Mr. Dean amended to the Third Amended Original Petition, which was the live pleading at the time of trial.  Such pleading alleged only Breach of Contract and a cause of action under the Deceptive Trade Practices Act.

Randy Coleman filed written Answer for himself.  Trial commenced before a Jury on June 2, 2014.  Randy Coleman did not appear personally or through Counsel.

On June 3, 2014, upon Motion for Post-Judgment Default by Mr. Dean, the Court found in favor of Plaintiff Ralph Dean as to the DTPA and the Breach of

Contract claims. (RR Vol. 4, Page 12). The Court granted that Motion at RR Vol. 4, Page 22, Lines 12-17. Thereafter, on June 30, 2014, the Court signed the Judgment. Randy Coleman received no Notice and had no knowledge that Judgment had been signed, either by actual knowledge or by constructive knowledge. (CR, Volume 1, 374-377) Appellant Randy Coleman filed Notice of Appeal (CR Vol. 1, Page 455). Further, both Defendant Jim Coleman Company and Plaintiff Ralph Dean appeared on August 28, 2014 and argued for entry of Judgment in their respective favors.

On November 20, 2014, Randy Coleman filed the Notice of Appeal.

Because more than 30 days had elapsed by the time any notice was received, Randy Coleman – who had not participated in the trial court proceedings, either in person or through counsel, and who had not filed any postjudgment motions – filed his notice of a restricted appeal. (CR 455)

# SUMMARY OF THE ARGUMENT

1. Randy Coleman never participated in the trial, either in person or through counsel. Randy Coleman is eligible for restricted appeal, timely filed, more than 30 days after the Judgment was signed, but within six months.

2. The evidence consists of only conclusory testimony of the single fact witness, Plaintiff Ralph Dean, and it is legally and factually insufficient to support Liability or damages, necessitating reversal.

3. The conclusory testimony of the single witness is legally and factually insufficient to support Additional Damages.

4. The evidence on attorney's fees was not sufficient for the Trial Court's award and was not supported by evidence and was an abuse of discretion.

5. The Judgment is not valid on its face as it renders each of the three Defendants liable for the total economic plus Additional Damages as it violates the One Satisfaction Rule for a single injury.

## STANDARDS OF REVIEW

When a party mounts a direct attack on a default judgment through restricted appeal, such attack 1) must be brought within six months after the trial court signs the judgment; 2) by a party to the underlying suit; 3) who did not participate in the hearing that resulted in the judgment made the subject of the complaint; 4) who did not file a post-judgment motion, request findings of fact and conclusions of law, or other notice of appeal; and 5) the error that forms the basis of the complaint must be apparent on the face of the record.  See *Mansell v. Insurance Co. Of The West*, 203 SW3d 499, 500 (Tex. App. – Houston [14[th] Dist.] 2002, no pet.), citing Tex. R. App. P. 30.

Review by restricted appeal affords Ralph Dean a review of the entire case, just as in an ordinary appeal, with the restriction being that any error must appear on the face of the record.  The face of the record for purposes of a restricted appeal consists of all the papers on file in the appeal, including the statement of facts. (Reporter's Record)  *Mansell*, 203 SW3d at 500, citing *Norman Communications v. Texas Eastman*, 955 SW2d 269, 270 (Tex. 1997).  A review of the entire case includes a review of legal and factual sufficiency claims.  *Norman*, 955 Sw2d at 270.

# ARGUMENT

## Appellant Is Eligible To File A Restricted Appeal

As required under TRAP 26.1(c) and 30, Randy Coleman is able to pursue this restricted appeal because the record shows on its face that Randy Coleman filed his Notice of Appeal on November 20, 214, within six months after the Honorable Richard Terrell signed the Final Judgment from which Randy Coleman appeals. (CR at 374-377). Likewise, the record before this court makes clear that Appellant Randy Coleman was named as a party to the underlying suit, did not participate in the jury trial or the Motion for Post Answer Default filed during Trial, nor did Randy Coleman file any post-judgment motion, request findings of fact and conclusions of law, or otherwise appear.

The errors which form the bases of the complaints must appear on the face of the record.

## I. The Evidence Is Legally and Factually Insufficient to Establish Liability

When a party files an answer but does not appear at trial, it "constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer." *Holt Atherton v. Heine,* 835 SW2d 80 (Texas 1992). Judgment is not rendered on the pleadings as in a no-answer default judgment, and the plaintiff is still required to prove his claim to the same extent as if the other party appeared at trial. However, in a non-jury, without

Findings of Fact and Conclusions of Law, it will be implied that the Court made all findings necessary to support Judgment. *Holt Atherton v. Heine*

In *Aguilar vs. Breckinridge*, 2013 Tex. App. Lexis 14732, Court of Appeals, First District (Petition Denied Tex. 2014), in following *Holt Atherton,* the Court specifically examined the facts presented at the trial for evidence sufficiency, both legally and factually. The Court determined it must view the evidence to determine if there is a 1) complete absence of evidence of a vital fact, 2) if evidence is competent and there is no legal bar from giving weight to the evidence offered to prove a vital fact or, 3) if the evidence offered to prove a vital fact is no more than a scintilla, or 4) the evidence conclusively establishes the opposite of the vital fact. *Aguilar* followed existing law and the reasoning in *City of Keller vs. Wilson*, 768 SW3d 802 (Tex. 2005). In *Wilson*, the Court referred to the inclusive and exclusive standards for review by legal sufficiency or factual sufficiency, respectively. *Wilson* held in the final analysis that the test must be always be whether the evidence would allow reasonable and fair-minded people to reach the verdict under review. That is the test in this case. Every Judge knows that what is reasonable is not always easy. Justice Calvert wrote in his article over 50 years ago, "No Evidence" and "Insufficient Evidence", Point of Error. "38 Tex. Law Review 361 (1960) as follows:

"The rule as generally stated is that if reasonable minds cannot differ from the conclusion that the evidence lacks probative force it will be held to be the legal

16

equivalent of no evidence. The application of the rule can lead to strange results. It is theoretically possible, and sometimes not far from actual fact, that five members of the Supreme Court will conclude that the evidence supporting a finding of a vital fact has no probative force, and in reaching the conclusion through application of the rule will thus hold, in effect, that the trial judge who overruled a motion for instructed verdict, the twelve jurors who found the existence of the vital fact, the three justices of the Court of Civil Appeals who overruled a "no evidence" point of error and four dissenting justices of the Supreme Court are not men of "reasonable minds.""

Justice Calvert stated the problems better than anyone. Randy Coleman would show there is no evidence as to the finding of liability or damages. Reasonable minds can not differ; at best, there is only a mere scintilla, and a scintilla is no evidence. *Casino Magic Corp. v. King,* 43 S.W.3d 14, 19 (Tex.App.-Dallas 2001, pet. denied).

### *Insufficient Evidence*

The theories of recovery sought by Ralph Dean in his Third Amended Original Petition are (A) violations of the Texas Deceptive Trade Practices and Consumer Protection Act and (B) Breach of Contract (CR at 293-299).

The Court, (RR Volume IV, Page 22) granted Plaintiff's Motion for Post-Answer Default. The Court (RR, Volume IV, Page 24, lines 20-25) found that Appellant Randy Coleman's conduct was committed knowingly and subject to additional damages under the DTPA.

In a no or insufficient evidence claim, it has been claimed that *Havner and Beard* stand for the proposition that the Appellate Court will consider only the evidence and inferences which tend to support the contested issue and disregard all evidence and inferences to the contrary. *See Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997); *Beard v. Beard,* 49 S.W.3d 40, 55 (Tex.App.-Waco 2001, pet. denied).    However, in *City of Keller v. Wilson* above, the Supreme Court found that the objective indicia of intent was not supported by sufficient evidence.  The Exclusive Rule would have required the Court to disregard certain contrary evidence, three engineers' reports, and further, to infer that the City knew and expected the harm from the flooding.  The vital fact that had to be proved in this case for a DTPA claim was that Appellant Randy Coleman made a false promise of delivery with an intent not to deliver.  Randy Coleman would show that (a) there is a complete absence of evidence of that vital fact, or; (b) the evidence offered to prove this vital fact is no more than a mere scintilla.

At a trial on the merits after a non-appearing defendant has filed an answer, the plaintiff must carry its burden to prove all the elements of its causes of action, and the defendant has admitted nothing by its default. *Stoner v. Thompson,* 578 S.W.2d 679, 684 (Tex. 1979); *Flores v. Brimex Limited Partnership,* 5 S.W.3d 8 16 (Tex. App. - San Antonio 1999, no pet.).  The allegations by Ralph Dean against Randy Coleman, in a post-answer default judgment hearing are not

18

confessed by implication. *Frymier Engineering Co. v. Grantham*, 524 S.W.2d at 681.

Plaintiff Ralph Dean alleged in his Third Amended Original Petition (CR, Pages 293-299) specifically that Randy Coleman, as a Defendant, violated the Deceptive Trade Practices Act by misrepresentation. (CR 296, Paragraph 6.1 and 6.2, Appendix Tab B). Ralph Dean specifically alleged Tx. Bus. & Com. Code Ann. §17.46(b)(2)(3)(5)(12) and (24), these certain laundry list violations as follows:

- Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;
- Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve;
- Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.Tex.Bus.&Com.Code Ann §17.46(b)(5)(12),(24)

In 6.2, Plaintiff alleged again only certain lists violations; slightly modified from 6.1. Specifically, he alleged only these violations as follows:

- Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;
- Causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by another;

- Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;
- Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;*Id.* §17.46(b)(2),(3),(5),(24).

Ralph Dean did not assert by pleadings, evidence or argument any other violations as set forth in the DTPA.

The evidence of liability rests on testimony of Plaintiff-Appellee Ralph Dean and the Exhibits offered through Mr. Dean's testimony. There was no other testimony on the transaction. No Defendant took the stand, no deposition testimony was offered. That testimony appears in the Reporter's Record, Volume III, beginning on Page 14 with direct testimony and continues to Page 61, at which page cross examination began. Mr. Dean's testimony concludes on RR, Page 91 of Volume III.

The testimony fails to produce any evidence or information to support any finding of liability against Randy Coleman. No facts were elicited by the testimony to correlate the allegations of the pleading detailing those certain laundry list items and the facts testified to by Ralph Dean. Specifically, Mr. Dean did not testify, or offer any evidence that the modular

20

house or its delivery had any sponsorship, approval, characteristics, ingredients, uses, benefits or guarantees which it did not have. Mr. Dean testified it was implied that Defendant Jim Coleman Company sponsored or approved it. There was never any proof or offer of testimony that any, or that such was not true.

There was no testimony or evidence, or any inference reasonably relying therefrom, of any rights, remedies or obligations that the modular home, its purchase or delivery, did not have.

There was no testimony, other evidence, or any interference that could arise that would permit a reasonable mind to conclude that any information was known at the time of the transaction, which was not disclosed.

There was no evidence, testimony and no facts provided that could give rise to a reasonable inference as to sponsorship, approval, certification, affiliation, connection or involvement with another and that there was no such sponsorship, approval, certification, affiliation, connection or involvement.

Mr. Dean believes that Randy Coleman was a member of the Coleman family, he worked, or had worked, for Jim Coleman Company and that he and Living Modular were connected to Jim Coleman Company. This is the

classic "so what" defense. There is no evidence, no inference that there was no such connection or that such had any connection to the non-delivery of the home.

The testimony does not indicate, specify, or even hint at either, what conduct or act constituted DTPA violations occurred or, that Randy Coleman had entered into a Contract with Plaintiff. There was no showing by legally or factually sufficient evidence that Randy Coleman made any misrepresentation or even broadly, that Randy Coleman, knowingly or intentionally engaged in any false, deceptive or unfair act or practice that was set forth in Plaintiff's Third Amended Original Petition. Specifically, Ralph Dean alleged that a modular home would be poured and delivered to him. He alleged in his pleading that this was false but his testimony was simply that he did not receive the home. There was not a scintilla of evidence that Randy Coleman did not intend for Defendant Living Modular, LLC to honor that agreement to deliver that home. In fact, the Record is clear, homes were fabricated; Ralph Dean saw several. He saw them on the Living Modular, LLC's premises and another in South Texas at a Uvalco Store in Uvalde, Texas. (There is no record that this store was also sued.) There were several meetings and yet, no facts give rise to, nor was evidence presented that permit an inference that Randy Coleman did not intend that

22

the home would be delivered by Defendant Living Modular, LLC. The testimony of the sole witness, Mr. Dean, is so weak as to be legally insufficient to establish a DTPA cause of action, and constitutes no evidence. *See Seideneck v. Cal Bayreuther Assocs.,* 45 1 S.W.2d at 755. Ralph Dean simply testified to a breach of contract by Defendant Living Modular, LLC; that is, he did not get that modular home. Ralph Dean's testimony is that he intended to buy a modular home from Defendant Living Modular, LLC and he offered Exhibit 6 (RR, Page 45, Lines 17-20, Appendix Tab D), an Order Form to purchase the modular home from Defendant Living Modular, LLC.

## (A.) *DTPA Violations*

The trial court's finding of $47,659.38 in economic damages is neither pleaded for nor supported by any evidence of violations of the DTPA. Under the DTPA, any false, misleading, or deceptive act in the conduct of any trade or commerce is unlawful. See Tex. Bus. & Com. Code Ann. 17.46(a) (Vernon 2002). To recover under the DTPA, a plaintiff must establish that: (1) he was a consumer of the defendant's goods or services; (2) the defendant committed false, misleading, or deceptive acts as set forth in the Act, in connection with the lease or sale of goods or services; and (3) such acts were a producing cause of economic damages

23

to the plaintiff. *Id.* 17.50(a)(1); *Burroughs v. APS Int'l, Ltd.*, 93 S.W.3d 155, 163 (Tex. App.-Houston [14th Dist.] 2002, pet. denied).

The record in this case plainly shows that there is no competent evidence supporting any of the violations of the Texas Deceptive Trade Practices - Consumer Protection Act of which Randy Coleman was accused in Plaintiff's Third Amended Original Petition. The Trial Court erred in entering a default judgment based upon such allegations  There is clear evidence that Ralph Dean agreed to buy a modular home from Living Modular, LLC. Here, the evidence leads to the conclusion that Randy Coleman entered into the agreement for and on behalf of Living Modular, LLC. The evidence that Appellant Randy Coleman entered the agreement for Living Modular, LLC and that Living Modular, LLC had no intent of performing and that Randy Coleman knew of it, is "so weak that it creates only a mere surmise or suspicion of its existence." See *T.O. Stanley Boot Co.,* 847 S.W.2d at 222. "When evidence is so weak it constitutes no evidence." The evidence to support these conclusions is based on the same foundation as *Wilson*. It fails to show first, that Living Modular, LLC had a present intent to not deliver and second that Randy Coleman had that intent when he promised delivery by Living Modular, LLC.

24

The amount of the Judgment exceeds the amount that was pleaded for in the Live Pleading. Appendix Tab B. Such is in error and requires reversal.

Further, the evidence in this case is full and complete that Living Modular, LLC did manufacture modular homes. As stated, Plaintiff testified that he saw two models on the Living Modular real estate (RR Volume II, Page 30) and that two were being used as offices (RR, Volume III, Page 31). Further, Ralph Dean testified he saw pictures of the components, and he saw pictures that had his "special door" which he had paid for separately to a provider in Mexico. Mr. Dean offered into evidence the Living Modular Brochure, Exhibit 2A-C, Appendix Tab F, showing the homes were manufactured in Mexico (RR, Volume III, page 80, Lines 2-16). Because the evidence is so weak that it creates only a suspicion of Randy Coleman's lack of intent to perform, it must be concluded the evidence is legally insufficient to support Ralph Dean's claims under §17.45(b)(2)(3)(5)(12) or (24).

## (B.) *Misrepresentation*

The determination of whether a breach of contract rises to the level of a misrepresentation sufficient to trigger the DTPA is a fact-driven inquiry. *Chilton Ins. v. Pate & Pate Enter., Inc.,* 930 S.W.2d 877, 890 (Tex.App.-San Antonio

1996, writ denied). Whether the facts, once ascertained, constitute a DTPA misrepresentation is a question of law. *Id.*

If there was ever any evidence of Coleman's representation that Defendant Living Modular, LLC would deliver "high level of service" such would be considered as market puffing and non-actionable under 17.46 (b)(7). *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 502 (Tex. 2001); *Humble Nat'l Bank v. DCV, Inc.,* 933 S.W.2d 224, 229 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *Hedley Feedlot, Inc. v. Weatherly Trust,* 855 S.W.2d 826, 838-39 (Tex. App.—Amarillo 1993, writ denied). Three factors are considered in determining whether a representation is "mere puffing": (1) the specificity of the representation; (2) the comparative knowledge of the buyer and seller; and (3) whether the representation relates to a future event or condition. *Autohaus, Inc. v. Aguilar,* 794 S.W.2d 459, 462-64 (Tex. App.—Dallas 1990), writ denied, 800 S.W.2d 853 (Tex. 1991) (per curiam). There was no evidence of any specific representation such as "we have service people on duty 24 hours a day" or "we offer 30 days delivery" or any other example of specific services. However, there was a specific representation that the home would be delivered by Thanksgiving of 2009. It was not delivered. Plaintiff Ralph Dean testified he was then told delivery would be made by Christmas of 2009. No delivery was made. That was a significant act and a breach of the contract by Defendant Living Modular, LLC, and it was a

26

specific representation.  However, Plaintiff Ralph Dean testified that he saw model homes in Houston on Living Modular, LLC's premises (RR, Vol. 11, Page 65, Lines 5-25, Page 66, Page 67, Page 68) on Antoine Street in Houston.  He also testified he saw a model at a Uvalco Store as described, and he said he saw pictures of certain specific hardware that he had purchased which was installed on a modular home.  This is Plaintiff Ralph Dean's own evidence,  an admission, that cannot be ignored and which demonstrates that there was no present intent to not honor the Contract and to not deliver the home.

As to comparative knowledge, or taking advantage of Plaintiff Ralph Dean, there was no evidence that Randy Coleman had advance or special knowledge of any process or condition that could or would interfere in performance and how such would be overcome.

As to a representation of a future event or condition, an agreement to deliver in the future is always predicated on some future favorable events.  For example, the modular homes were manufactured in Mexico.  There was no evidence that Appellant Randy Coleman had control or promised control of the manufacturer in Mexico and delivery to Texas.  See Trial Exhibit 6, Appendix D)

In conclusion, Ralph Dean presented no evidence that Randy Coleman misrepresented by intending at the time of the representation that Living Modular would not perform services or deliver the home. Mr. Dean presented no evidence

to establish any such claim. *See Formosa Plastics Corp. USA v. Presidio Engrs. & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998) (stating that the promise of future performance constitutes actionable misrepresentation **if the promise was made with no intention of performing at the time the promise was made**, and evidence presented must be relevant to the defendant's intent at the time the defendant made the promise). *Emphasis supplied.* Ralph Dean presented no evidence that he relied on a misrepresentation was of a present intent to not deliver. The evidence is factually and legally insufficient to support the trial court's judgment in favor of Ralph Dean on a DTPA case as alleged.

### (C.) *Breach-of-Contract Claim*

Ralph Dean did not offer legally sufficient evidence at the Trial in order to warrant judgment against Randy Coleman on the theory of breach of contract. A judgment entered on such theory should be reversed.

The elements of a breach-of-contract action are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. *Frost Nat'l Bank v. Burge,* 29 S.W.3d 580, 593 (Tex.App.-Houston [14th Dist.]) (2000). A breach occurs when a party fails or refuses to do something he has promised to do. *See Townewest Homeowners Ass'n v. Warner Comm'n Inc.,* 826 S.W.2d 638, 640 (Tex.App.-Houston [14th Dist.]) (1992).

28

Appellee Ralph Dean 's proffer of evidence of his breach-of-contract claim is insufficient because Appellee failed to (1) offer any competent evidence to establish that the individual Randy Coleman agreed to deliver any goods or to perform any service for Plaintiff, (2) establish any contractual duties of Randy Coleman regarding service, delivery and installation, (3) establish any contractual duty for Randy Coleman to manufacture, deliver or install the modular home. It was strictly the obligation of Living Modular as established by Plaintiff Ralph Dean's Trial Exhibit 6, Appendix Tab D (RR Page 45, Line 17-20), the Order Form which was the Contract to buy.

There was no evidence of a valid contract in existence between Randy Coleman and Ralph Dean; there was evidence of a written agreement by Living Modular to deliver a concrete modular home. There was no evidence of any contractual duty that Randy Coleman had to perform. The Plaintiff's evidence in a post-answer default judgment proceeding must be sufficient to support both a liability finding and the damages award. _Stoner v. Thompson,_ 578 S.W.2d at 682. Mr. Dean admitted and agreed that he entered into a written agreement to buy a modular home from Living Modular, not from Randy Coleman. See Plaintiff's Trial Exhibit 6, Appendix Tab D, the Order Form which is the Written Agreement, not signed by Randy Coleman, showing delivery by Living Modular.

29

A valid and enforceable contract is formed by an offer, an acceptance, a meeting of the minds, and an expression of the terms with sufficient certainty so that there is no doubt regarding the parties' intentions. *Harris v. Balderas*, 27 S.W.3d 71, 77 (Tex. App.—San Antonio 2000, pet. denied). Randy Coleman is not a party to the Contract; he had no obligations or duties. There is no theory of recovery against Randy Coleman based upon breach of contract in the record in this case. A contract, whether written or oral, must define its essential terms with sufficient precision to enable the court to determine the obligations of the parties. *Central Texas Micrographics v. Leal*, 908 S.W.2d 292, 296 (Tex. App.—San Antonio 1995, no writ). In determining the existence of an oral contract, the court looks to the communications between the parties and to the acts and circumstances surrounding those communications. *Prime Prod., Inc. v. S.S.I. Plastics, Inc.,* 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). There is no testimony or any evidence of acts and circumstances in the sale of the modular home of an obligation or duty by Randy Coleman, but the clear undeniable evidence is that it was to be manufactured and to be delivered by Living Modular. There would have to be some evidence that would permit an inference that Randy Coleman entered into the Contract, guaranteed the Contract, or agreed to perform the written contract or some term thereof.

Despite Ralph Dean's "testimony" that Randy Coleman promised delivery and installation by Living Modular, there is legally and factually insufficient evidence to support that there was any contract, agreement, oral or written, or any provision enforceable against Randy Coleman. There is a failure of any evidence defining the essential terms of an agreement with sufficient precision to enable the court to determine an obligation owing by Randy Coleman to Ralph Dean. Ralph Dean never presented any evidence of an offer, acceptance, and meeting of the minds regarding an alleged contract or promise to perform by Randy Coleman.

## II. The Evidence is Legally and Factually Insufficient Evidence to Support Award of Additional Damages

The The Trial Court rendered judgment in Ralph Dean's favor and awarded damages of $47,659.38. Such amount is in excess of the specific amount pleaded in Plaintiff's Third Amended Original Petition (CR, Page 293 -299) It specifically asked for economic damages of $39,204. With respect to damages in breach-of-contract cases, the general rule is that the complaining party is entitled to recover the amount necessary to put it in as good a position as if the contract had been performed. *Smith v. Kinslow*, 598 S.W.2d 910, 912 (Tex. Civ. App.—Dallas 1980, no writ). Ralph Dean should get his money back but only the money that he paid to Living Modular for the home that Living Modular failed to deliver and for

31

the amount he asked for in his pleading. Randy Coleman has no enforceable liability for that failure or for the Breach of Contract by Living Modular.

Mr. Dean failed to offer sufficient evidence to establish the Trial Court's award of Additional Damages.

Knowingly, means actual awareness of the falsity, deception, or unfairness of the conduct in question. In _Luna v. North Star Dodge Sales, Inc._, 667 S.W.2d 115, 118 (Tex. 1984), the Court held: "Actual Awareness" does not mean merely that a person knows what he is doing; rather, it means that a person knows that what he is doing is false, deceptive, or unfair. In other words, a person must think to himself at some point, "Yes, I know this is false, deceptive, or unfair to him, but I'm going to do it anyway."

The _Luna_ Court held that if a person commits a wrongful act with actual awareness of the falsity, deception or unfairness of the act, such is a more culpable mental state than one who is grossly negligent.

## III. The Evidence Is Insufficient As to Attorney's Fees

The Trial Court has the discretion to fix attorney's fees and the proper standard for review of attorney's fees is abuse of discretion. _Budd v. Gay_, 846 S.W.2d 521, 524 (Tex.App.-Houston [14th Dist.] 1993, no writ.

In this case, the evidence in favor of the award are the conclusory statements of the Trial Attorney and an Expert Witness.

32

A trial court abuses its discretion when it acts arbitrarily and unreasonably and without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex.1985).

An attorney's opinion must be based on sufficient underlying facts. Tex. R. Evid. 702, 703 § 2.4. In *Mercier v. Southwest Bell Yellow Pages, Inc.,* 214 S.W.3d 770 (Tex.App.-Corpus Christi Jan 25, 2007) (NO. 13-05-700-CV) the Court sets forth factors to be considered.

The attorney's fees evidence consisted of the testimony of trial counsel and an attorney as an expert witness. Trail Counsel testified that he and Plaintiff Ralph Dean agreed on an hourly fee of $250 per hour. He went on to testify that he had 92 hours, including an estimate of completing the case. Those fees total $23,000. The expert witness, an attorney, Mr. Dreiling, testified to a range that would be reasonable which was between $25,000 and $50,000 (RR, Volume III, Page 111, Line 9-15). The Court awarded attorney's fees against Randy Coleman found by the Jury against Co-Defendant Jim Coleman Company after argument and deliberation; this amount exceeded the evidence. It is improper and should be reversed. There was no evidence proffered.

Further, there was no attempt to allocate fees among the three Defendants. There was no attempt to separate the time expended as to each of these Defendants,

to segregate fees between liability, proof of knowing acts, establishing default, conducting discovery or any legal task.

There are three different Defendants. The DTPA allows for attorney's fees on each Defendant for which DTPA liability was established. Further, there is no testimony or evidence as to the time expended on each Defendant or any Defendant. As to the three Defendants, no evidence allocated the time expended as to each Defendant. Appellant Randy Coleman was the salesman acting for and on behalf of Defendant Living Modular. Randy Coleman wholly defaulted after filing Answer. Defendant Living Modular, LLC did tender its President Wayne Coleman for deposition. (See Demand Letter to Wayne Coleman, President of Living Modular, LLC which was admitted into evidence and shows he testified by deposition, Exhibit 12, Tab H. He testified at the office of Trial Counsel. His testimony was recorded and transcribed. There is no evidence of any attorney participating in Discovery, Motion to Compel, obtaining evidence, from, about or otherwise, involving Appellant Randy Coleman.

The third Defendant, Jim Coleman Company, also an Appellant in this Court in this case, appeared at Trial through its President and also through Trial Counsel. Such Defendant participated in jury selection, cross-examined the witnesses, argued Motions and was before the Jury for two days. However, Plaintiff rested

34

and asked for default Judgment, prior to submission to the Jury. Appellant Randy Coleman was taken out of the case by the time of submission to Jury.

The attorney's fees in prosecuting Randy Coleman's default, was distinctive and should have been properly allocated by testimony. They were not.

## IV.    The Judgment is in Error as it awards three times both Economic and Additional Damages (damages are owing by each Defendant, not joint and several)

The Final Judgment signed June 30, 2014 and filed on July 1, 2014 awarded identical sums of money against three Defendants, including defaulting Appellant Randy Coleman.

Ralph Dean sustained a single injury in this breached contract. He ordered a modular home and paid money toward that purchase price. He testified to certain sums that he expended in the purchase but the testimony and evidence was unclear as to what amounts was toward the contract. The Plaintiff itemized amounts were set out in Exhibits 9A-9G. The Jury found those amounts as damages event though Plaintiff had only asked (Third Amended Petition) for $39,204.

The Judgment awarded as against each Defendant which would lead to a multiple recovery. This would violate the One Satisfaction Rule for a Single Injury and is in error. *Spillman v. Self Serve Fixture Co., Inc.*, 693 SW2d 656 (Tex Court of Appeal – 5th District 1985).

35

## CONCLUSION AND PRAYER

Randy Coleman asks this Court to reverse the trial court's judgment, and to render that Plaintiff Ralph Dean take nothing. Randy Coleman further requests all other relief to which he is entitled at law or in equity.

RESPECTFULLY SUBMITTED:


/s/ Paul R. Lawrence
Paul R. Lawrence
State Bar No. 12050000
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Telephone: (713) 864-8000
Fax: (713) 864-0179
*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

I, Paul R. Lawrence certify that this document contains 7373 words (counted by computer).


_/S Paul R. Lawrence____
Paul R. Lawrence

# CERTIFICATE OF SERVICE

I, Paul R. Lawrence, in compliance with Texas Rule of Appellate Procedure 9.5, hereby certify that a true and correct copy of the foregoing Appellant's Brief was sent to all other parties to the trial court's judgment by U.S. Certified Mail or by e-service on this the 29th day of April, 2015, as listed below:

Charles C. Webb
Webb Cason PC
710 N. Mesquite
Corpus Christi, Texas 78401
Charlie@wcctxlaw.com

Frank Weathered
Dunn Weathered Coffey Rivera & Kasperitis, PC
611 South Upper Broadway
Corpus Christi, Texas  78401
fweathered@swbell.net

Parker Webb
Webb Cason PC
710 N. Mesquite
Corpus Christi, Texas 78401
parker@wcctxlaw.com

J. Michael Guerra
Law Office of J. Michael Guerra
1600 E. Main, Suite 227
P.O. Box 1968
Alice, Texas  78333
Jmguerra14@gmail.com

Living Modular
16221 Koester
Houston, Texas 77040


__/s/ Paul R. Lawrence_____
Paul R. Lawrence

# **APPENDIX**

A – Final Judgment
B – Third Amended Original Petition
C – Charge
D – Exhibit 6
E – Trial Exhibit 9A-9G
F – Trial Exhibit 2A-2C
G – Trial Exhibit 3
H – Trial Exhibit 12